FILED
AUG 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER O. PEDERSON<br>689 Lafayette Road, B5-A9<br>Seabrook, NH 03874<br>(603) 474-2866<br>　　　　　Plaintiff,<br><br>　v.<br><br>STEVEN C. PRESTON,<br>Administrator, Small Business Administration<br>409 Third Street, SW<br>Washington, DC 20416<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　CASE NUMBER   1:06CV01418<br>)<br>)　JUDGE: Royce C. Lamberth<br>)<br>)　DECK TYPE: Employment Discrimination<br>)<br>)　DATE STAMP: 08/10/2006<br>)<br>)<br>) |

JURY ACTION

## COMPLAINT

(Age, Race, and Sex Discrimination in Federal Employment)

1. The Small Business Administration refused to promote plaintiff, Roger O. Pederson, to a managerial position for which he was the better qualified candidate, and selected instead a demonstrably inferior applicant because of Pederson's age, race, and sex. This is an action under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623 et seq., as amended, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C § 2000e et seq., as amended, seeking damages and other remedies for unlawful discrimination in employment based on age, race, and sex.

2. This Court has jurisdiction over this case under 29 U.S.C. § 633a, and 42 U.S.C. § 1988. Venue is appropriate in this district because the defendant's headquarters is in the District of Columbia and the unlawful employment practices challenged herein took place in this district.

3. Plaintiff, Roger O. Pederson, is a citizen of New Hampshire who was employed with the Small Business Administration (SBA) from 1998 to 2004. Plaintiff is 56 years of age.

4. Defendant, Steven C. Preston, is the Administrator of the SBA and is the head of the agency in which the plaintiff was employed. He is being sued solely in his official capacity. SBA has more than 500 employees.

## BACKGROUND

5. On November 22, 2002, the SBA posted for competition a GS-14 Examiner position. The job was to be the Manager for Contract Examinations of the Office of SBIC Examinations in SBA's Investment Division (Investment).

6. By that point, Roger Pederson had been employed with the SBA for four years. Since 1999, Pederson had worked as a GS-13 Examiner in the Office of SBIC Examinations in SBA's Investment.

### Pederson is Denied the Examiner Position

7. Pederson applied for the Examiner position on December 6, 2002. On January 17, 2003, he was interviewed for the position by Harry Haskins, Deputy Associate Administrator for Investment, and Charles Mezger, Director of the Office of SBIC Examinations. During the interview, Pederson was informed that selection for the position would be made by Jeffrey Pierson, Associate Administrator for Investment. On or about February 6, 2003, Pederson learned that Lourdes Gatell (Selectee) had been selected for the position. At the time, Pederson, a white male, was 52 years of age. The Selectee, a Hispanic female, was significantly younger. According to a signed declaration by Haskins, at or during the time of Pierson's selection of Gatell for the position, Pierson communicated that selection of Gatell, "helps our numbers."

8. Pederson was the better qualified applicant for the position over the Selectee. Pederson had three years of experience as an Examiner performing SBIC examinations in the Investment office in which the Position was located, Investment's Office of SBIC Examinations; the Selectee had never worked in Investment's Office of SBIC Examinations, and had no experience performing SBIC examinations. In addition, Pederson had a degree in accounting and was a Certified Public Accountant (CPA), which was relevant to the Position and its announcement stating that selection would be based, in part, on knowledge of accounting as related to the SBIC program; the Selectee was not a CPA nor did she have a degree in accounting. Furthermore, Pederson had a law degree and was a licensed attorney, which was relevant to the Position and its announcement stating that selection would be based, in part, on knowledge of laws and regulations related to the SBIC Program; the Selectee was not licensed as an attorney nor did she have a law degree.

9. Pederson's non-selection for the Position for which a less qualified but younger person was selected, was consistent with statements by Investment management of their intentions to hire young examiners. Charles Mezger, Director of the Office of SBIC Examinations, had stated in an earlier staff meeting that 50 percent of SBIC Examinations workforce was 50 years old or older, and described the aging of staff members as a "challenge". Investment management at the highest levels periodically expressed concern about the age of examiners in other meetings. Notably, Investment Associate Administrator Donald Christensen, as Investment's highest ranking official, stated his concern for the age of the SBIC Examinations in staff and industry meetings in 1998 and 1999, announcing in meetings that, "We want to hire young examiners."

10. The GS-14 Examiner position included the duty of Acting Director of SBIC

Examinations in the Director's absence. It was foreseeable that selection for the Examiner position would lead to subsequent promotion to GS-15 Director of SBIC Examinations. In 2005, the Selectee to the Examiner position was promoted to GS-15 Director of SBIC Examinations.

### Exhaustion of Administrative Remedies

11. Pederson timely contacted an EEO counselor and filed a formal complaint of discrimination. The EEOC issued a decision granting summary judgment in favor of the SBA on February 28, 2006, which the SBA adopted as its final order on May 9, 2006 and sent notice of to Pederson. The agency's order provided that Pederson could file a civil action in the United States District Court within 90 calendar day of receipt of the order. All prerequisites to suit have been satisfied.

### VIOLATIONS OF LAW

12. Defendant's actions in refusing to promote plaintiff to the GS-14 Examiner position because of his age, race, and /or sex violate the ADEA and Title VII.

### RELIEF

Plaintiff asks the Court to grant the following relief:

1. Declare that the defendant's actions as set forth above violated the plaintiff's rights under the ADEA and Title VII.

2. Order defendant to pay plaintiff all back pay and benefits, with pre-judgment interest, retroactive to the date of his non-selection, and front pay, in amounts to be determined at trial.

3. Order defendant to pay the costs of this action including reasonable attorney fees and costs of preparing, filing, and otherwise conducting a law suit to be taxed against defendant.

4. Grant plaintiff such other and further relief as justice may require.

**JURY DEMANDED**

Plaintiff demands trial by jury.

8/9/2006
Date

Roger O. Pederson
689 Lafayette Road, B5-A9
Seabrook, NH  03874
(603) 474-2866

Plaintiff



U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, D.C. 20416

MAY 0 9 2006

Mr. Roger Pederson
150 Dodge Street
North Beverly, MA 01915

Re: EEOC Case No. 100-2004-00571X
SBA Case No. 05-03-022

Dear Mr. Pederson:

This notice serves as the Final Order on the discrimination complaint you filed against the U.S. Small Business Administration (SBA), referenced above. Upon consideration of Administrative Judge Frances del Toro and pursuant to 29 C.F.R. §1614.110(a), you are notified that the SBA hereby adopts as its Final Order and will fully implement the decision of the administrative judge. Judge del Toro's decision is provided at enclosure (1).

A statement regarding your right to appeal this decision to the U.S. Equal Employment Opportunity Commission, or to file a civil suit in the appropriate U.S. district court is attached at enclosure (2). If you choose to appeal, a form for that purpose is attached at enclosure (3).

Sincerely,

Delorice P. Ford
Acting Assistant Administrator
Equal Employment Opportunity
 and Civil Rights Compliance

Enclosures:
a/s

cc: Frances del Toro, Administrative Judge
    David B. Gattis, Esq., Agency Representative

06 1418
FILED
AUG 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SBA IS AN EQUAL OPPORTUNITY EMPLOYER AND PROVIDER

Federal Recycling Program  Printed on Recycled Paper

APPEAL RIGHTS

A Complainant who is dissatisfied with the Final Order of the Small Business Administration may file a notice of appeal with the Equal Employment Opportunity Commission's (EEOC) Office of Federal Operations, as provided by 29 CFR §1614.401 (2005).

A notice of appeal must be filed within thirty (30) calendar days after receipt of the Small Business Administration's Final Order. An appeal shall be deemed filed on the date it is postmarked or, in the absence of a postmark, on the date it is received by the Commission. If Complainant is represented by an attorney of record, then the thirty (30) day time period within which to appeal shall be calculated from the date of receipt of the Final Order by the attorney. If Complainant does not have an attorney of record, the time within which to appeal shall be calculated from the date of receipt of the Final Order.

Appeals must be filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036, or by personal delivery to 1801 L Street N.W., Washington, D.C. 20036, or facsimile at 202-663-7022. Complainants are advised to use EEOC Form 573, Notice of Appeal/Petition, and indicate what is being appealed. At the time that you file your appeal with the EEOC, a copy must be furnished to the Agency addressed to the Assistant Administrator for Equal Employment Opportunity and Civil Rights Compliance, U.S. Small Business Administration, 409 Third Street S.W., Suite 5100, Washington, D.C. 20416. You must certify the date and method by which service was made on the Agency in or attached to the appeal. If Complainant does not file an appeal within the time limits specified by this notice, the appeal shall be deemed untimely and shall be dismissed.

Any statement or brief in support of the appeal must be submitted to the Director, Office of Federal Operations, and to the Small Business Administration, at the above-mentioned addresses, within thirty (30) calendar days of filing the appeal.

Complainants may file a civil action in an appropriate United States District Court within the following time frames:

1. Within ninety (90) calendar days of receipt of the final order if no appeal was filed;

2. After one hundred and eighty (180) calendar days from the date of filing the complaint if an appeal has not been filed and a final action has not been issued by the agency;

3. Within ninety (90) calendar days of receipt of the Commission's decision on an appeal; or

4. After one hundred and eighty (180) calendar days from the date of filing an appeal with the Commission if there has been no final decision on the appeal by the Commission.

Enclosure (2)

2

If a civil action is filed and Complainant does not have, or is unable to obtain the services of an attorney, Complainant may request the court to appoint an attorney to provide legal representation. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above-referenced time limits for filing suit and in such form and manner as the court may require.

When filing a civil action, Complainants must name the head of the Small Business Administration as defendant. Failure to name the head of the Small Business Administration may result in the loss of any judicial redress to which complainants may be entitled. The name of the proper defendant in any lawsuit is Hector V. Barreto, Administrator, U.S. Small Business Administration.