## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROGER O. PEDERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil Action No. 06-1418 (RCL)** |
| **STEVEN C. PRESTON,** | ) |
| **Administrator, Small Business Administration** | ) |
| | ) |
| **Defendant.** | ) |

### PARTIES' JOINT REPORT AND BRIEF STATEMENT OF THE CASE

Pursuant to Local Rule 16.3, Fed. R. Civ. P. the parties conferred by telephone and electronic transmission. This report sets forth the parties' agreement or respective positions with respect to scheduling further matters in this action.

### BACKGROUND

Plaintiff has brought this case against the Small Business Administration (SBA) alleging Age, Race and Sex discrimination for failure to promote him rather than the selected job applicant to a managerial position, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623 et seq., as amended, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., as amended.

### COMPLIANCE WITH LOCAL RULE 16.3(c)

Pro Se plaintiff and Counsel for defendant conferred to discuss the matters set forth in Local Rule 16.3(c). Their positions on those matters are set forth below. The text of the rule describing those matters appears in italics, followed by the parties' comments.

(1)      *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The Defendant will file a motion for Summary Judgment at the end of discovery. The Plaintiff does not believe that the case is likely to be disposed of by dispositive motion, and will file a motion in response and opposition to the Defendant's motion for Summary Judgment.

(2)     *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties concur that no other parties shall be joined or that the pleadings be amended. Perhaps, there is a possibility that some of the factual issues can be agreed upon or narrowed.

(3)     *Whether the case should be assigned to magistrate judge for all purposes, including trial.*

The parties will agree that this case should be assigned to a magistrate judge for discovery disputes only. For all other purposes, the parties believe that this case should not be assigned to a magistrate judge.

(4)     *Whether there is a realistic possibility of settling the case.*

Because the defendant will file a motion for summary judgment, it does not believe that there is a realistic probability of settlement prior to the decision on the motion.

(5)     *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.*[1]

The parties believe that ADR is not a viable option at this juncture.

(6)     *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed*

---

[1]Subsections (i) through (v) are not repeated herein.

*dates for a decision on the motions.*

The Defendant will file its motion for summary judgment, thirty days after discovery ends by March 6, 2008.  The Plaintiff does not believe that the case can be resolved by summary judgment, and will file a motion in response and opposition to the Defendant's motion for summary judgment.

(7)     *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

The parties have agreed that they will not dispense with the initial disclosures, and have agreed to provide initial discovery disclosures at or within 30 days after the Rule 26 (f) conference.

(8)     *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

The parties propose a 250 day discovery period.   Accordingly, discovery will come to a close on February 6, 2008.

(9)     *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and when deposition of experts should occur.*

Defendant proposes that its expert report becomes due 30 days after the Plaintiff's submission.  The Plaintiff's expert report shall be due on November 1, 2007 and the Defendant's expert report shall be due on December 1, 2007.  The parties agree that all expert discovery end by January 20, 2008.

(10)     *In class actions, appropriate procedure for dealing with Rule 23 proceedings, including*

3

*the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

The parties do not believe that this section is applicable.

(11)   *Whether the trials and/or discovery should be bifurcated or managed in phases, and a*

   *specific proposal for bifurcation.*

The parties are not requesting bifurcation.

(12)   *The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

The parties would like the Court to set a Status Conference at the end of Discovery.  At

that time, the Court may set a Pretrial Conference.

*Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

      The parties propose that the trial date should be set at the pretrial conference.

Respectfully submitted,

       /s/                                                /s/

_____             _____

ROGER PEDERSON                 JEFFREY A. TAYLOR, D.C. BAR # 498610

PRO SE                                 United States Attorney

689 Lafayette Road

Apt. B5-A9

Seabrook, NH  03874

                                              /s/

_____

RUDOLPH CONTRERAS,

D.C. BAR # 434122

Assistant United States Attorney

                                              /s/

_____

HEATHER D. GRAHAM-OLIVER

Assistant United States Attorney

Judiciary Center Building

555 4th St., N.W.

Washington, D.C.  20530

(202) 305-1334

<u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Rule 16.3 Scheduling Statement was served upon Plaintiff by electronic Mail, and addressed to:

pedersonr@comcast.net

on the 1st day of June, 2007;

and by U.S. Mail, postage prepaid and addressed to:

Roger O. Pederson
689 Lafayette Road
Apartment B5-A9
Seabrook, NH  03874

On the 4th day of June, 2007.


/s/
_____
HEATHER GRAHAM-OLIVER