UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER O. PEDERSON,<br><br>       Plaintiff,<br><br>v.<br><br>STEVEN C. PRESTON, ADMINISTRATOR,<br>SMALL BUSINESS ADMINISTRATION,<br><br>       Defendant. | )<br>)<br>)<br>)  Civil Action No.: 06-1418 (RCL)<br>)<br>)<br>)  FILED<br>)<br>)  JAN 2 3 2008<br>)<br>)  NANCY MAYER WHITTINGTON, CLERK<br>)  U.S. DISTRICT COURT |

## STIPULATED PROTECTIVE ORDER

Subject to the Court's approval, plaintiff, Roger O. Pederson, who is proceeding pro se (and referred to hereinafter as "plaintiff"), and defendant, Steven C. Preston, Administrator, Small Business Administration, by and through undersigned counsel (referred to hereinafter as "defendant"), hereby stipulate and agree that documents and information designated by plaintiff or defendant as protected shall be given protected material status, shall be disclosed only to plaintiff and defendant and to those persons designated in paragraph 3 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

1.    Either party to this litigation may initially designate as "protected" any material provided hereunder if it is deemed in good faith to constitute protected information under the Privacy Act and/or Trade Secrets Act or an otherwise unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.

2.  In designating material as protected, the party so designating it shall identify the protected material with specificity. Either party may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

3.  Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a)  Protected material shall be used solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than (i) plaintiff, and any outside consultants that may be retained by plaintiff to provide assistance for purposes of this litigation; (ii) counsel for the defendant and other employees of the United States government who have a need to review the protected material for the defense of this case or outside consultants retained by the defendant; and (iii) the Court.

(b)  It shall be the responsibility of the parties and counsel to bring this order to the attention of all persons within their respective organizations and all outside consultants to whom they disclose protected material, and to insure that all such persons comply with the terms of this order.

(c)  No document (including motions, briefs, and exhibits) containing identifiable protected material, or a discussion of identifiable protected material, shall be filed with the Clerk of

the Court unless filed separately under seal in an envelope with a legend on the envelope and document substantially as follows:

> This [envelope/document] contains protected material. Disclosure or use of such material is restricted. This material is filed under seal.

Such documents shall be filed under seal and maintained under seal by the Court. No one other than persons specifically authorized in subparagraph (a) of paragraph 3 hereof shall have access to such material. Within three business days after the filing of any such document under seal, the party who filed the document shall serve on the other party a copy of such document from which the protected material has been deleted unless such document has previously been produced to the other party. The other party shall then have three business days to review the redacted copy of the document to determine whether or not they agree with the proposed deletions. At the conclusion of that review period the redacted copy shall be filed on the public record unless an objection has been made by one of the other parties. In the event of an objection that the parties are unable to resolve informally either party may submit the dispute to the Court for resolution. The document in question shall be filed on the public record containing the material as to which there is no dispute pending resolution of the matter by the Court.

       (d)    Except when required for submission to the Court, no more than two copies shall be made of any material that is subject to this order. All such copies shall be clearly labeled as containing protected material and are to be returned to the party who originally produced them or destroyed at the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of plaintiff or in the

possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

(e) The parties shall endeavor to avoid the use of protected material in any oral proceedings before the Court, including oral argument. If any party finds it necessary to refer to protected material in any such oral proceeding, the party shall notify the Court and the other party as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of confidential material as a consequence of such oral proceedings to persons other than those authorized by this order.

4. The parties shall promptly report any breach of the provisions of this order to the Court and to the party whose protected material was divulged or compromised. Upon discovery of any breach, the breaching party shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order. The parties shall also cooperate fully in any investigation of such breach conducted by the Court or by the party whose protected material was divulged or compromised.

5. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

6. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein or in the Privacy Act or Trade Secrets Act shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

7. Nothing contained herein shall be construed as a waiver of either party's objections to another party's request that it be permitted to disclose protected information to its employees and/or employees of subsidiary or affiliated companies. Nothing in this Order shall be construed to limit a party's use or disclosure, to the extent otherwise permitted by law, of documents or information in the party's possession prior to or for reasons unrelated to proceedings in this action.

Respectfully submitted,

_____
ROGER O. PEDERSON
689 Lafayette Road, #B5-A12
Seabrook, NH 03874
(Plaintiff)

Dated: January 21, 2008

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
JOHN G. INTERRANTE, PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220; (202) 514-8780 (fax)
John.Interrante@usdoj.gov
(Counsel for Defendant)

Dated: January 18, 2008

**IT IS APPROVED AND SO ORDERED.**

This 23rd day of January, 2008.

_____
ROYCE C. LAMBERTH
United States District Judge

Case 1:06-cv-01418-RCL    Document 21    Filed 01/23/2008    Page 6 of 6