# Exhibit A

*Plaintiff's Interrogatories, and*

*Plaintiff's Request for Production of Documents*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER O. PEDERSON, )
)
Plaintiff, )
)
v. )
)
STEVEN C. PRESTON, ) Civil Action No. 06-1418 (RCL)
Administrator, Small Business )
Administration )
)
Defendant. )
)

## PLAINTIFF'S REQUEST FOR INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Roger O. Pederson requests that Defendant answer the following interrogatories in accordance with the following request for interrogatories.

## INSTRUCTIONS

1. These Interrogatories call for all information available to the defendant, his employees, and agents with respect to the subject matter into which they inquire. If some of the information is known by or available to a particular employee or agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided information with respect to each answer.

2. Unless otherwise specified, if your response in regard to a portion of the time period addressed in any interrogatory differs from your response in regard to another portion of such

1

period, provide a response for each such portion and indicate the period of time to which each response relates.

3. The requested information shall be given in sufficient detail to enable any person or party to whom a subpoena or request for production is directed to identify the documents sought to be produced and to enable plaintiff to determine whether such document, when produced, is in fact the document so described and identified.

4. A request that you identify a document is not limited to documents within your possession, and such requests shall extend to documents under your control.

5. When an interrogatory asks you to "identify" a person, the answer shall contain the following information with respect to each such person:

    a. The full name, current or last known business and residence addresses, and business and residence phone numbers of such person;

    c. The title(s) and related periods of service for such person with each such agency, employer or entity.

6. When an interrogatory calls for the "description" or "identity" of any "document" you contend to be subject to a privilege against disclosure in response to these interrogatories, provide with respect to each such document or communication the following:

    a. The nature of the document you contend is privileged (*e.g.*, letter, memorandum, chart, picture, report, etc.);

    b. The number of pages comprising the document and a description of any identifying marks or designations if any, on the document;

    c. The date of the document which you contend is privileged;

  d. The name(s) of the author(s) and of any recipient(s) of the document;

  e. The name and address of any person who is not included in your response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document that you contend to be privileged; and

  f. The nature of the privilege asserted.

  7. In answering each of these interrogatories, furnish all information available to you that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of your attorneys, or their investigators, and all persons acting on your behalf, including but not limited to your employees, agents, officers, or representatives. If you are unable to answer these interrogatories in full after exercising due diligence to supply a complete answer, so state and answer to the extent possible. Specify the reasons for your inability to answer and state whatever information or knowledge you have concerning the unanswered portions.

  8. For each interrogatory or part of an interrogatory that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

  9. These interrogatories are deemed to be continuing; as such, you are requested to file and serve by way of supplemental answers thereto such additional information as may be required to complete your answers to these interrogatories.

## DEFINITIONS

  1. The word "person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities;

and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

2. As used herein, any reference to any "person" includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its divisions, and predecessors and successors in interest.

3. The words "you," "your" or "defendant" refer to defendants, defendant-intervenors, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Defendant.

4. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

5. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

6. The word "each" shall be construed to include "every" and vice versa.

7. The word "any" shall be construed to include "all" and vice versa.

8. The present tense shall be construed to include the past tense and vice versa.

9. The masculine shall be construed to include the feminine and vice versa.

10. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

11. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

12. The phrase "reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

13. The words "to present" mean to the date on which you respond to these interrogatories and requests.

14. The term "agency" used in these interrogatories means the U.S. Small Business Administration.

15. The term "subject position" refers to the position of Examiner (Manager for Contract Examinations) GS-14, position announcement number 03H-106-JM, that is the subject of this lawsuit.

16. The term "Report of Investigation" refers to report of investigation prepared in the EEOC administrative process for the plaintiff's complaint of discrimination that is the subject of this lawsuit.

17. The term "Boston Examinations office" means such office located at 10 Causeway Street, Boston, Massachusetts, to which the plaintiff was assigned.

18. The term "selecting official" means Jeffrey Pierson, the person identified in the Report of Investigation who made the selection for the position that is the subject of the complaint.

19. The term "selectee" refers to Lourdes Gatell, the person selected for the subject position.

20. The term "discrimination complaint" means any complaint of discrimination filed with the Equal Employment Opportunity Commission, Merit System Protection Board, U.S. District Court, or any other administrative or judicial forum, against the agency or its Administrator.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the names, titles, addresses, and phone numbers of each and every person that you believe has knowledge of discoverable matters relative to this action, and the substance of that knowledge.

### INTERROGATORY NO. 2:

Identify each and every document that is your possession and is related, in whole or part, to the issues raised in this case and these interrogatories, excluding any documents contained in the Report of Investigation.

### INTERROGATORY NO. 3:

Identify fully, each and every person whom you expect to call as a witness at trial, by stating separately, for each person, his or her name, title, address, phone number, and the substance of the facts to which each person is to testify.

### INTERROGATORY NO. 4:

Identify each and every person involved with or consulted in the selection process for the subject position, including a description of each person's role in the process.

### INTERROGATORY NO. 5:

Identify any scoring procedure used in the selection process for the subject position, including who performed such scoring and a description of such scores for each applicant for the position.

### INTERROGATORY NO. 6:

Identify any review of applicants' resumes or SF-171 forms performed in the selection process for the subject position, including persons performing the reviews and any procedures performed to verify information contained in the applications.

### INTERROGATORY NO. 7:

Identify any and all communication between Harry Haskins and the selecting official regarding the selection for the subject position, identifying the date and specific details of each communication.

### INTERROGATORY NO. 8:

Identify all promotions of employees from GS-13 to GS-14 or GM-14 within the agency's Investment Division by race, gender, and age, for the period January 1, 2001, through July 31, 2005.

INTERROGATORY NO. 9:

Identify all discrimination complaints filed by any persons regarding any and all positions that the selectee has held in the agency, including any position beyond the subject GS-14 Examiner position, providing a listing of complainants, type of complaint, details, and disposition or current status for each complaint.

INTERROGATORY NO. 10:

Identify the selectee's official position title for each and every position she has held at the agency, including the position she held at the agency immediately prior to her selection to the subject GM-14 position.

INTERROGATORY NO 11:

Identify selectee's current position, including grade, step, and salary, including details of any promotion that the selectee has received since her selection to the subject GS-14 Examiner position.

INTERROGATORY NO. 12:

Identify all persons who have applied for any and all positions to which the selectee has applied and been selected in the agency's Investment Division.

INTERROGATORY NO. 13:

Set forth in detail reasons for the selectee's departure in or about October 1999 from her then employment in the agency's Investment Division, and knowledge of such by any person who participated in the selection process for the subject position.

INTERROGATORY NO. 14:

Identify all SBIC examinations the selectee performed in her prior position as an SBIC Financial Analyst, including in your response for each, SBIC licensee examined, location where the examination was performed, and dates of examination.

INTERROGATORY NO. 15:

Identify any difficulty the selectee had in getting along with her supervisor during her prior employment of approximately August 1998 through October 1999 in the Investment Division that

was known by any participant in the section process for the subject position, and the results such knowledge had in the selection process.

INTERROGATORY NO. 16:

Identify any trips during the period December 1, 1999, through March 31, 2004, that any manager or supervisor visited, or at any time within that period such persons were present in, the Boston Examinations office, including in your response the name of the manager or supervisor, dates, itinerary, and any other persons on the trip.

INTERROGATORY NO. 17:

Set forth in detail the circumstances regarding any trip made together by Harry Haskins and the selectee to San Francisco, California, including in your response, reasons for the trip, other persons on trip, date and duration, and lodging arrangements for each person.

INTERROGATORY NO. 18:

Identify any relationship between Harry Haskins and the selectee during their periods of employment at the agency, including characteristic and description of whether such relationship was professional or personal, and dates of such relationship and any changes in the relationship.

INTERROGATORY NO. 19:

Set forth in detail all circumstances under which Carol Carroll was transferred to, or retained in, the agency's Investment Division in or about September 1992, including, but not limited to, any intervention or facilitation of that transfer by government official not employed by agency.

INTERROGATORY NO. 20:

Identify any relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff Andrew Card, and any effects or actions such relationship had on the agency's employment of Carol Carroll at the agency and its Boston Examinations office, including any intervention or influence made by Andrew Card on the agency's employment of Carol Carroll.

INTERROGATORY NO. 21:

Set forth in detail the terms of Carol Carroll's employment with the agency, including in your response, dates, position descriptions, duties and responsibilities, any change in status including change from part-time to full-time employment, and reason for changes.

INTERROGATORY NO. 22:

Set forth in detail reasons and circumstances regarding Charles Mezger's termination from the agency's Investment Division and agency in or about 2003, including details of any actions or communications by agency management that would motivate or cause his departure.

## INTERROGATORY NO. 23:

Set for in detail reasons and circumstances regarding selecting official Jeffrey Pierson's termination from the agency in or about 2004.

## INTERROGATORY NO. 24:

Set forth in detail reasons and circumstances regarding Declarations of Harry Haskins made in the presence of David Gattis, Attorney Advisor and Ellen Zeitz, Supervisory Human Relations Specialist, dated March 19, 2003, and May 27, 2003, concerning a statement by the selecting official that selection of Lourdes Gatell would help the numbers [Report of Investigation, Exhibit 24], and identify any follow-up by the agency.

## INTERROGATORY NO. 25:

Identify separately with respect to each numbered response to these interrogatories each and every individual, other than the defendant's attorney assigned this case, who supplied information or otherwise participated or assisted in the preparation of your responses to the interrogatories, including his or her name, title, address, and phone number.

Date: November 13, 2007

Respectfully submitted,

_[signature]_

Roger O. Pederson
689 Lafayette Road, B5-A12
Seabrook, NH 03874

Plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Request for Interrogatories was served upon Defendant by depositing a copy of it in the U.S. Mail, postage prepaid, addressed to:

Heather Graham-Oliver
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

on this 13th day of November, 2007.

Roger O. Pederson
689 Lafayette Road, B5-A12
Seabrook, NH 03874

PRO SE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER O. PEDERSON,<br><br>   Plaintiff,<br><br>v.<br><br>STEVEN C. PRESTON,<br>Administrator, Small Business<br>Administration<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-1418 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Roger O. Pederson requests that Defendant produce documents in accordance with the following request for production of documents.

## INSTRUCTIONS

1. These requests apply to all documents in the possession, custody, or control of the defendant regardless of their location and regardless of whether such documents are held by Defendant's agents, employees, representatives, attorneys, or any other person.

2. These requests are continuing in nature. In the event Defendant becomes aware of or acquires possession, custody, or control of additional responsive documents, Defendant shall promptly produce such additional documents for inspection and copying.

3. All "non-identical copies" of every document whose production is sought shall be separately produced.

1

4. All documents produced in response to an individual request shall be physically segregated from documents produced in response to any other requests, and the request to which they are responsive shall be specifically identified. If a document is responsive to more than one request, each of the requests to which the document is responsive shall be specified.

5. In producing the documents, all documents which are physically attached to each other shall be left so attached. Documents which are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained in the file where found.

6. If an objection to a request is based upon a claim of privilege, attorney-work product, or any other basis, identify in writing each document so withheld by providing at least the following information:

   a. the title and the subject matter of the document;

   b. the title and the position of the sender of the document;

   c. the identity and position of each person who participated in the preparation of the document or on whose behalf the document was prepared;

   d. the identity and position of all persons (1) to whom the document was addressed, (2) to whom the document was sent, (3) who have seen the document, (4) who have possession or custody of the document, and (5) who have had disclosed to them any of the contents of the documents; and

   e. a detailed statement of the basis for withholding the document, including facts establishing any claim of privilege, facts showing that the privilege has not been waived, and the status of the person claiming the privilege.

f. Identify and produce all segregable portions of any responsive document to which a claim of privilege, attorney work product, or other basis for withholding the document does not apply.

g. Identify all responsive documents that have been lost, discarded, or destroyed. In so doing, state the type of document, its date, the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof.

## DEFINITIONS

1. The term "defendant" refers to the defendant named in this lawsuit, as well as any other person or entity in his agency or employ.

2. The term "documents" includes records; books; papers; contracts; memoranda; invoices; correspondence; notes; minutes of any meetings, including meetings with agents or employees; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; telegrams; messages; drawings; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic information storage or recording elements; and any other "documents" as that word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3. The term "relate" or "relating to" is defined as showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4. The term "person" means any natural person, group of natural persons, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

5. The term "non-identical copies" means any copy of a document that is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or other material contained thereon or attached thereto, or otherwise.

6. The term "agency" used in these interrogatories means the U.S. Small Business Administration.

7. The term "subject position" refers to the position of Examiner (Manager for Contract Examinations) GS-14, position announcement number 03H-106-JM, that is the subject of this lawsuit.

8. The term "Report of Investigation" refers to report of investigation prepared in the EEOC administrative process for the plaintiff's complaint of discrimination that is the subject of this lawsuit.

9. The term "Boston Examinations office" means such office located at 10 Causeway Street, Boston, Massachusetts, to which the plaintiff was assigned.

10. The term "selecting official" means Jeffrey Pierson, the person identified in the Report of Investigation who made the selection for the position that is the subject of the complaint.

11. The term "selectee" refers to Lourdes Gatell, the person selected for the subject position.

12. The term "SBIC" refers to Small Business Investment Company.

13. The term "discrimination complaint" means any complaint of discrimination filed with the Equal Employment Opportunity Commission, Merit System Protection Board, U.S. District Court, or any other administrative or judicial forum, against the agency or its Administrator.

## DOCUMENT PRODUCTION REQUEST

1. Produce all documents identified in, or which in any way relate, pertain or refer to your response to Plaintiff's Request for Interrogatories, or relied upon in responding to such Interrogatories.

2. Produce all documents that relate, pertain, or refer to selection of the person chosen to the subject position of GS-14 Examiner that are not already contained in the Report of Investigation.

3. Produce all documents that relate, pertain, or refer to the selection of Selectee for any position beyond the GS-14 Examiner to which she was hired or promoted subsequent to her selection for GS-14 Examiner position.

4. Produce documents that list official position descriptions for all of Selectee's positions held during her employment at the agency, including SF-50 forms, including that for her prior position of SBDC examiner.

5. Produce all applications and application packages that Selectee has submitted to the agency in response to any and all vacancy announcements or other positions that she has applied for at the agency throughout her employment at the agency.

6. Produce any and all SBIC examination reports, workpapers, or any other work product that Selectee prepared in any SBIC examination she performed prior to her selection for the position of GS-14 examiner.

7. Produce all documents that relate, pertain, or refer to complaints of discrimination against the defendant filed by any other complainant or plaintiff in regard to any and all positions in the agency's Investment Division to which Selectee was selected.

8. Produce all documents that you believe could provide discoverable evidence that Selectee was more qualified that the plaintiff for the subject position of GS-14 Examiner.

9. Produce all documents not included in the Report of Investigation that the agency intends to introduce into evidence or use at trial.

10. Produce all documents prepared by selecting official Jeffery Pierson, interviewers Harry Haskins and Charles Mezger, and Selectee, including personal notes, diaries, journals or audiotapes that pertain to selection for the position, that are not provided by you in response to other requests herein.

11. Produce all documents, including transcripts, that pertain to a speech made on October 7, 1998, by then agency Investment Division Associate Administrator Donald Christensen in his program presentation at the National Association of Small Business Investment Companies conference in Lansdowne, Virginia.

12. Produce all documents, not included in the Report of Investigation, that relate to Declarations of Harry Haskins of March 19, 2003, and May 23, 2003, concerning how Selectee's selection for the subject position helps the numbers [Report of Investigation, Exhibit 24], including documents related to any follow-up action by the agency.

13. Produce any and all documents, other than the vacancy announcement provided to the public, provided by agency management or employees to Selectee for her use or reference in the preparation of her application and interview for the position.

14. Produce all documents pertaining to a trip that Harry Haskins and Selectee made together to San Francisco, California, including agency approvals, expense reports, and supporting expense receipts.

15. Produce all documents pertaining to former agency employee Carol Carroll's transfer to the agency's Investment Division on or about September 30, 1992, including, but not limited to, all correspondence sent by Carol Carroll to agency officials regarding her transfer or possible non-transfer to the Investment Division.

16. Produce all documents under your control that pertain to correspondence or communication between Carol Carroll and former Secretary of Transportation and White House Chief of Staff Andrew Card, or between any other agency employee and Andrew Card, that discussed or pertained to the employment of Carol Carroll at the agency.

17. Produce all documents under your control that pertain to correspondence or communication between agency management pertaining to correspondence or relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff Andrew Card, which discussed or pertained to the employment of Carol Carroll at the agency.

18. Produce all documents pertaining to any change in employment status for former agency employee Carol Carroll occurring subsequent to January 1, 2001, including any change in hours of duty such as from part-time to full-time status.

19. Produce the agency's code of conduct and ethics policy for employees in effect during the period January 1, 2000, through April 3, 2004.

Date: November 13, 2007

Respectfully submitted,

Roger O. Pederson
689 Lafayette Road #B5-A12
Seabrook, NH 03874
Plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing Request for Production of Documents was served upon Defendant by depositing a copy of it in the U.S. Mail, postage prepaid, addressed to:

Heather Graham-Oliver
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

on this 13th day of November, 2007.

*Roger O. Pederson*
Roger O. Pederson
689 Lafayette Road, B5-A12
Seabrook, NH 03874

PRO SE