# Exhibit C

*Emails of Plaintiff and Defendant's Counsel*

|        |                                    |
|--------|------------------------------------|
| From:  | pedersonr@comcast.net              |
| To:    | John.Interrante@usdoj.gov          |
| Subject: | Discovery                        |
| Date:  | Thursday, February 21, 2008 2:56:35 PM |

Mr. Interrante:

I have left voice messages at your phone number asking you to call me to discuss your responses to my discovery requests. Please call me at 603-474-2866.

Roger Pederson

-------------- Forwarded Message: --------------
From: pedersonr@comcast.net
To: "Interrante, John (USADC)" <John.Interrante@usdoj.gov>
Subject: Re: Joint Motion and Protective Order
Date: Fri, 15 Feb 2008 19:18:38 +0000
> Mr. Interrante,
>
> I received your signed Defendant's Response to Plaintiff's First Set of
> Interrogatories and Defendant's Response to Plaintiff's First Request for
> Production of Documents today. Frankly, I find the responses significantly
> lacking in sufficiently related to what was requested, particularly considering
> the time provided under the multiple time extensions that you requested were
> needed for providing the responses. I will phone you today to discuss this.
>
> Roger Pederson
> 603-474-2866
> -------------- Original message ----------------------
> From: "Interrante, John (USADC)" <John.Interrante@usdoj.gov>
> > Mr. Pederson,
> >
> > This follows our conversation today and my email of yesterday. As we
> > discussed, I attach for your signature a Joint Motion and Protective
> > Order that authorizes the SBA to disclose documents containing
> > information protected under the Privacy and Trade Secrets Acts, subject
> > to the terms and conditions of the order. I have attached two copies of
> > the documents, which are identical except that the first version is a
> > scanned copy of the signed original. Please review and sign the
> > attached documents and return them to me by fax or overnight mail. I
> > will, in turn, file the motion and protective order with the court.
> >
> > We also discussed the following matters:
> >
> > (1) SBA's request for two more weeks to, and including, January 31,
> > 2008, to respond to your first discovery requests. You agreed to the
> > extension.
> >
> > (2) Document production requests where SBA will make documents
> > available for inspection and copying at SBA's office. I agreed to get

```
> > back to you, upon consulting with SBA, about which particular document
> > requests will fall in this category and to give you a better sense of
> > the volume of responsive documents.  We can then discuss whether you
> > will want to limit your request to a subset of the responsive documents.
> >
> > (3) Joint Request for a new scheduling order.  We agreed to ask for
> > a three-month extension of the current discovery deadline of February 6,
> > 2008, to and including May 6, 2008.  I will prepare a Joint Motion for a
> > New Scheduling Order, adjusting the deadlines in the Court's July 5,
> > 2007 scheduling order, and forward it to you for signature.
> >
> > (4) My contact information for purpose of overnight packages.  My
> > address is on the attached documents.  I also included a copy of the my
> > notice of appearance, which was filed on November 28, 2007.  Please make
> > sure you include "Civil Division, Room E-4806" as part of my address.
> >
> > (5) Depositions.  I advised that we have contacted Mr. Pierson
> > about your intent to depose him in this case.  You agreed to let me know
> > if you want to schedule the deposition during the beginning of February
> > 2008 (within the current discovery deadline) or will want to schedule it
> > at a later date.
> >
> > (6) Government's discovery requests.  I advised that the government
> > intends to serve discovery requests and will ask for, among other
> > things, the names of witnesses and other information typically provided
> > in the initial disclosures that were waived in this case.
> >
> > Please call or email me if you have any questions.
> >
> > Sincerely,
> >
> > John Interrante
> > AUSA
> > 202-514-7220
> >
> >
> >    <<pederson poregimage.pdf>>    <<protective order joint motion
> > 1.18.08 draft.pdf>>      <<Protective order 1.18.08 draft.pdf>>
> >  <<Notice of Substitution ecf version.pdf>>
> >
>
```

# Exhibit D

*Letter of Carroll to Card dated September 9, 1992*

CAROL A. (LEDWITH) CARROLL
CLASS OF 1965 (HOLBROOK HIGH SCHOOL)
55 PROSPECT STREET
BROCKTON, MA.  02401
508/587-1338 (home)
617/565-6905 (work)

September 9, 1992

Andrew Card, Secretary of Transportation
400 7th Street, S.W.
Washington, D.C.       20590

Dear Secretary Card:

    I hate to disturb you at the present time with all that you are attempting to accomplish, with your position as Secretary, the disaster in Florida and the upcoming elections but there seems to be nowhere else to turn.

    I am now in the position of losing my job as clerk/steno in the Small Business Administration Office of the Inspector General. There are currently three members of my department, two auditors and myself.  I have been informally notified, by telephone, that there is going to be a reorganization under which the auditor positions will be transferred to the new department under the Investment Division and that the clerical position will be eliminated.  I have been told that the new department would be interested in me as a clerical employee but in order to be placed on the list for transfer I need some help.

    I have enclosed a copy of a memorandum I sent to Patricia Saiki, Administrator of the Small Business Administration in the hope that she could be of assistance in this matter.

    I feel terrible in asking for your assistance again, as you did help me with this same situation a few years ago and successfully saved my position.  My brother-in-law, Steve Bagley of Holbrook, told me that it would be foolish not to seek your assistance as I was already losing my job.

    I am not asking for a position to be made for me there are positions that will be available, but without some assistance I will be at the bottom of the list.

    I will be ever grateful for any assistance you can give me as my time with SBA seems to be running out.  As far as I know, I will be officially notified of the elimination of my position on October 1, 1992, so as you can see, time is of the essence.  Thank you in advance, for any assistance you can render.

Sincerely,


Carol A. Carroll


encl:  Memo - Patricia Saiki, Administrator - SBA
       202/205-6605

**U.S. SMALL BUSINESS ADMINISTRATION**
WASHINGTON, D.C. 20416
617/565-6908

OFFICE OF THE INSPECTOR GENERAL

Date: September 8, 1992

To: The Honorable Patricia Saiki, Administrator

From: Carol A. Carroll, Clerk/Steno
OIG/A - Boston

Subject: Proposed Transfer of SBIC examination function to the Office of Investment -
Loss of position clerk/steno - OIG - Boston


I was informed, by telephone, on Wednesday, August 26, 1992, by both James T. Hare, Jr., Regional Inspector General for Auditing, Eastern Region and Lester W. Garton, Deputy Assistant Inspector General for Audit Operations, that as of the present date my transfer to the new Investment Division was doubtful and that as of October 1, 1992, I would not have a position. They further stated that I should look for other employment. I cannot believe that so little regard could be held for an employee who has spent her entire working career with the Small Business Administration and more specifically for the SBIC Program.

There are only three employees in the Boston office, two auditors and myself. Both auditors have, unofficially, been listed on the new Investment Division employee list leaving only my position as the clerk-steno in the office to remain under I.G. I have also been informed that as of October 1, 1992, there will be no I.G. Office in Boston and that my current position will be eliminated.

I feel that I need some assistance at the present time and I am asking for your help as I can not afford to be without employment. I would very much like to be transferred to the new Investment Division and feel that I would be extremely helpful in the administrative area. I have always exceeded requirements on my performance evaluations and been a well regarded employee. I have worked for the Small Business Administration for twenty-one years and most of that time I have worked for the various departments that have over-seen the Small Business Investment Company Program. I have been told that the new Investment Division does need clerical employees but for some reason the I.G. office will not transfer my position.

I would appreciate any assistance you can give me in this matter as my job is **ESSENTIAL** to me.

Respectfully,


Carol A. Carroll
Clerk/Steno




cc: James F. Hoobler, Inspector General
    Peter L. McClintock, Assistant Inspector General for Auditing
    Lester W. Garton, Deputy Assistant Inspector General - for Audit Operations
    James T. Hare, Jr., Regional Inspector General for Auditing, Eastern Region
    Wayne S. Foren, Associate Administrator, Office of Investment
    Charles S. Mezger, SBIC examinations - Office of Investment
    David Giovanelli, Assistant Regional Inspector General for Auditing

# Exhibit E

*Defendant's Privileged Document Log*

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE

| | |
|---|---|
| Roger Pederson,<br>    Complainant,<br>v.<br><br>Hector Barreto, Administrator,<br>U.S. Small Business Administration,<br>    Agency. | EEOC No. 100-2004-00571X<br><br>Agency No.: 05-03-022 |

## PRIVILEGED DOCUMENT LOG

Pursuant to Title 29 of the Code of Federal Regulations (CFR), § 1614.109(d), EEO Management Directive # 110, and Federal Rule of Civil Procedure 26(b)(5), the U.S. Small Business Administration asserts that the Privacy Act, 5 U.S.C. § 552a, and/or the deliberative process, attorney/client and/or attorney work-product privileges apply to the following documents:

1. E-mail, dated February 14, 2003, from David B. Gattis, Attorney Advisor, to Robert Gangwere, Deputy General Counsel, concerning investigation.
2. E-mail, dated February 14, 2003, from Robert Gangwere, Deputy General Counsel, to David Gattis, Attorney Advisor, concerning appointment as agency representative for investigation.
3. E-mail, dated February 20, 2003, from Eileen Zeitz, to Mary Anne Gladden and Jean Marie Haymes, concerning authorization.
4. E-mail, dated February 20, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, Supervisory Human Resource Specialist, concerning scheduling.
5. E-mail, dated February 20, 2003, from Eileen Zeitz, Supervisory Human Resource Specialist, to David Gattis, concerning scheduling.
6. E-mail, dated February 20, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, Human Resource Specialist, concerning authority to conduct fact finding.
7. Undated and unsigned draft authority to conduct fact finding.
8. E-mail, dated February 20, 2003, from Stacy Chalmers, Human Resource Specialist, to David Gattis, Attorney Advisor, concerning scheduling.
9. E-mail, dated February 20, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, Human Resource Specialist, concerning scheduling.
10. E-mail, dated February 21, 2003, from Stacy Chalmers, Human Resource Specialist, to David Gattis, Attorney Advisor, concerning scheduling.
11. E-mail, dated February 24, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, Human Resource Specialist, concerning scheduling.

12. E-mail, dated February 24, 2003, from Stacy Chalmers, Human Resource Specialist, to David Gattis, Attorney Advisor, concerning scheduling.
13. E-mail, dated February 24, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, Human Resource Specialist, concerning scheduling.
14. E-mail, dated February 24, 2003, from Stacy Chalmers, Human Resource Specialist, to David Gattis, Attorney Advisor, concerning scheduling.
15. E-mail, dated February 25, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, Human Resource Specialist, concerning scheduling.
16. E-mail, dated February 25, 2003, from Stacy Chalmers, Human Resource Specialist, to David Gattis, Attorney Advisor, concerning scheduling.
17. E-mail, dated February 28, 2003, from Stacy Chalmers, Human Resource Specialist, to David Gattis, Attorney Advisor, concerning scheduling.
18. E-mail, dated March 3, 2003, from Stacy Chalmers to Michael Steininger, concerning allegations and interview schedule. David Gattis was ccd on the document.
19. E-mail, dated March 3, 2003, from Stacy Chalmers to David Gattis, Attorney Advisor, concerning bargaining unit status of position.
20. E-mail, dated March 3, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, concerning documents and Mark Mead.
21. E-mail, dated March 3, 2003, from Stacy Chalmers to David Gattis, Attorney Advisor, concerning the individuals that were interviewed for the position.
22. E-mail, dated March 4, 2003, from Stacy Chalmers to David Gattis, Attorney Advisor, concerning potential intervies.
23. E-mail, dated March 3, 2003, from Stacy Chalmers to David Gattis, Attorney Advisor, concerning attempted scheduling of interview.
24. E-mail, dated March 4, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, concerning potential interviews.
25. E-mail, dated March 5, 2003, from Stacy Chalmers to David Gattis, Attorney Advisor, concerning scheduling interview of Michael Steininger.
26. E-mail, dated March 5, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, regarding scheduling.
27. E-mail, dated March 5, 2003, from Stacy Chalmers to David Gattis, Attorney Advisor, regarding scheduling.
28. E-mail, dated March 5, 2003, from Stacy Chalmers to filer of statement of dispute. David Gattis, Attorney Advisor ccd on document. E-mail concerning schedule of interview.
29. E-mail, dated March 7, 2003, from Mary Anne Gladden to David Gattis, Attorney Advisor, Stacy Chalmers, and Eileen Zeitz, inquiring about status of investigation.
30. E-mail, dated March 7, 2003, from Stacy Chalmers to Mary Anne Gladden, Eileen Zeitz, cc David Gattis, Attorney Advisor and Jean Haymes, concerning scheduling of interview for Michael Steininger.
31. E-mail, dated March 7, 2003, from Mary Anne Gladden to Stacy Chalmers, Eileen Zeitz, cc David Gattis, Attorney Advisor and Jean Haymes, concerning identity of investigators.
32. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Mary Anne Gladden, concerning scheduling.
33. E-mail, dated March 10, 2003, from Mary Anne Gladden to David Gattis, Attorney Advisor, concerning scheduling.

34. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Stacy Chalmers, concerning Privacy Act and scheduling.
35. E-mail, dated March 10, 2003, from Stacy Chalmers to David Gattis, Attorney Advisor, concerning Eileen Zeitz appointment as fact finder.
36. E-mail, dated March 10, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning authorization.
37. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Mary Anne Gladden, concerning scheduling.
38. E-mail, dated March 10, 2003, from Eileen Zeitz to Mary Anne Gladden, cc David Gattis, Attorney Advisor, concerning Eileen Zeitz as investigator.
39. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz regarding interviews.
40. E-mail, dated March 10, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interviews.
41. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning the Privacy Act.
42. E-mail, dated March 10, 2003, from Eileen Zeitz, to David Gattis, Attorney Advisor, concerning the Privacy Act.
43. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning the Privacy Act.
44. E-mail, dated March 10, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning the Privacy Act.
45. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Mark Mead, concerning scheduling an interview.
46. E-mail, dated March 10, 2003, Mark Mead to David Gattis, Attorney Advisor, concerning date for interview.
47. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning scheduling of interviews.
48. E-mail, dated March 10, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview schedules.
49. E-mail, dated March 10, 2003, from David Gattis, Attorney Advisor, to Harry Haskins, cc Eileen Zeitz, concerning scheduling an interview.
50. E-mail, dated March 11, 2003, from Harry Haskins to David Gattis, Attorney Advisor, cc Eileen Zeitz, concerning interview.
51. E-mail, dated March 11, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz concerning scheduling interview.
52. E-mail, dated March 11, 2003, from Eileen Zeitz, to David Gattis, Attorney Advisor, concerning scheduling interview.
53. E-mail, dated March 11, 2003, from Mark Mead to David Gattis, Attorney Advisor, concerning location of interview.
54. E-mail, dated March 11, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz concerning draft interview questions.
55. E-mail, dated March 11, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning draft interview questions.
56. E-mail, dated March 11, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning draft interview questions.

57. E-mail, dated March 11, 2003, from David Gattis, Attorney Advisor, to Chuck Mezger, concerning scheduling of interview.
58. E-mail, dated March 11, 2003, from Chuck Mezger to David Gattis, Attorney Advisor, concerning scheduling of interview.
59. E-mail, dated March 11, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning interview schedule.
60. E-mail, dated March 11, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview schedule.
61. E-mail, dated March 11, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning confirmation of scheduled interview.
62. E-mail, dated March 11, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning authorization.
63. E-mail, dated March 11, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning authorization.
64. E-mail, dated March 11, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning authorization.
65. E-mail, dated March 11, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview notes.
66. E-mail, dated March 11, 2003, from David Gattis, Attorney Advisor, to Chuck Mezger, cc Eileen Zeitz. E-mail confirms scheduled interview.
67. E-mail, dated March 12, 2003, from Charles Mezger to David Gattis, Attorney Advisor, concerning scheduled interview.
68. E-mail, dated March 12, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning scheduled interview.
69. E-mail, dated March 12, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning scheduled interview.
70. E-mail, dated March 12, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning proposed interview questions.
71. E-mail, dated March 13, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning proposed interview questions.
72. E-mail, dated March 13, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview notes.
73. E-mail, dated March 13, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview notes.
74. Undated, unsigned draft declaration of Steven Mead.
75. Undated, unsigned draft declaration of Steven Mead.
76. Undated, unsigned draft declaration of Steven Mead.
77. Undated, unsigned, draft declaration of Harry Haskins.
78. David Gattis, Attorney Advisor, notes of Steven Mark Mead interview, conducted March 13, 2003.
79. Draft questions for Mark Mead.
80. Draft questions for Mark Mead, with corrections.
81. Draft questions for Harry Haskins.
82. Draft Declaration of Harry Haskins, not signed or dated.
83. Draft Declaration of Harry Haskins, with corrections, not signed or dated.
84. David B. Gattis, Attorney Advisor, notes from interview of Harry Haskins.

85. Draft questions for Harry Haskins.
86. Draft questions for Harry Haskins.
87. Draft Declaration of Charles S. Mezger, not signed or dated.
88. Draft Declaration of Charles S. Mezger, not signed or dated.
89. Draft questions for Charles Mezger.
90. David B. Gattis, Attorney Advisor, notes of interview of Charles Mezger.
91. E-mail, dated March 18, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning draft declarations.
92. E-mail, dated March 18, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning draft declarations.
93. E-mail, dated March 18, 2003, from Eileen Zeitz to Charles Mezger, cc David Gattis, Attorney Advisor, concerning draft declaration.
94. E-mail, dated March 18, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning draft declarations.
95. E-mail, dated March 18, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning draft declarations.
96. E-mail, dated March 18, 2003, David Gattis, Attorney Advisor, to Eileen Zeitz, concerning declarations.
97. E-mail, dated March 19, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz concerning preparations for interview with Jeffrey Pierson.
98. E-mail, dated March 19, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview questions.
99. E-mail, dated March 19, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning material to review for interview.
100. E-mail, dated March 19, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning material to review for interview.
101. E-mail, dated March 24, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning declaration.
102. E-mail, dated March 24, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning declarations.
103. E-mail, dated March 24, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning declarations.
104. E-mail, dated March 24, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning declarations.
105. E-mail, dated March 24, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning declarations.
106. E-mail, dated March 24, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning declarations.
107. E-mail, dated March 24, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning declarations.
108. E-mail, dated March 25, 2003, from Steven Mead to Eileen Zeitz, cc David Gattis, Attorney Advisor, concerning Karen Ellis.
109. E-mail, dated March 25, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning Karen Ellis.
110. E-mail, dated March 26, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning Karen Ellis.

111. E-mail, dated March 27, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning Karen Ellis.
112. E-mail, dated March 31, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning scheduled interview of Karen Ellis.
113. David Gattis, Attorney Advisor, notes from interview of Karen Ellis.
114. E-mail, dated April 2, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning declarations.
115. E-mail, dated April 3, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning Karen Ellis.
116. E-mail, dated April 3, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning Karen Ellis.
117. E-mail, dated April 3, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning Karen Ellis and declarations.
118. Draft Declaration of Michael Steininger.
119. Draft Declaration of Michael Steininger.
120. Draft Declaration of Michael Steininger.
121. Draft questions for Michael Steininger.
122. David Gattis, Attorney Advisor, notes of Michael Steininger's interview.
123. E-mail, dated April 7, 2003, from Eileen Zeitz to Michael Steininger, cc David Gattis, Attorney Advisor, concerning declaration.
124. E-mail, dated April 8, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview schedule.
125. E-mail, dated April 8, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz concerning interview schedule.
126. E-mail, dated April 8, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview schedule.
127. E-mail, dated April 8, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning interview schedule.
128. E-mail, dated April 8, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview schedule.
129. E-mail, dated April 8, 2003, from David Gattis, Attorney Advisor, to Eileen Zeitz, concerning interview schedule.
130. E-mail, dated April 8, 2003, from Eileen Zeitz to David Gattis, Attorney Advisor, concerning interview schedule.
131. Draft questions for Jeffrey Pierson.
132. Draft memorandum, dated May 5, 2003, from David B. Gattis, Attorney Advisor, and Eileen Zeitz, Supervisory Human Resources Specialist, to Monika Edwards Harrison, Chief Human Capital Officer, concerning allegations. Never finalized or issued.
133. Draft memorandum, dated June 3, 2003, from David B. Gattis, Attorney Advisor, and Eileen Zeitz, Supervisory Human Resources Specialist, to Monika Edwards Harrison, Chief Human Capital Officer, concerning allegations. Never finalized or issued.
134. E-mail, dated June 5, 2003, from Charles Mezger to David Gattis, Attorney Advisor, and Eileen Zeitz, concerning interview panel for GS-14 positions in SBIC office.
135. E-mail, dated June 5, 2003, from David Gattis, Attorney Advisor, to Deborah Gunn, Acting Associate General Counsel, Office of General Law, concerning Mr. Mezger's e-mail dated June 5, 2003.

136. E-mail, dated June 9, 2003, from Monika Edwards Harrison, Chief Human Capital Officer, to Deborah Gunn, Acting Associate General Counsel, Office of General Law, concerning draft report.
137. E-mail, dated June 9, 2003, from Monika Edwards Harrison, Chief Human Capital Officer to Deborah Gunn, Acting Associate General Counsel, Office of General Law, concerning draft report.

Respectfully submitted,

_David B. Gattis_
David B. Gattis
Agency Representative
Small Business Administration
Office of General Counsel
409 3rd Street, S.W. 5th Floor
Washington, D. C. 20416
Telephone (202) 619-1645
Fax (202) 481-0982

## CERTIFICATE OF SERVICE

I hereby certify that today, I sent the attached document(s) by the method indicated to the following:

Roger O. Pederson
150 Dodge Street
Beverly, MA 01915
Federal Express

Date 11/15/05

_David B. Gattis_
David B. Gattis
Attorney Advisor

7