# Exhibit B

*Defendant's Response to Plaintiff's First Set of Interrogatories, and*

*Defendant's Response to Plaintiff's First Request for Production of Documents*

*(omitting contents of Defendant provided Document Request #4 Position*

*Description, and*

*Document Production #19 Code of Conduct & Ethics Policy)*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ROGER O. PEDERSON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 06-1418 (RCL)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STEVEN C. PRESTON, ADMINISTRATOR,** | ) | |
| **SMALL BUSINESS ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Defendant Steven C. Preston, Administrator, U.S. Small Business Administration

("SBA"), through his undersigned counsel, hereby responds to Plaintiff's First Set of

Interrogatories.

**GENERAL OBJECTIONS AND QUALIFICATIONS**

1.      Defendant objects to Plaintiff's First Set of Interrogatories to the extent

that any inquiry seeks information protected by the attorney-client privilege, or any other

evidentiary privilege, or is conditionally protected under the work-product doctrine.

2.      Defendant objects to Plaintiff's First Set of Interrogatories to the extent

that any inquiry seeks information not reasonably calculated to lead to the discovery of

admissible evidence.

3.      Defendant objects to Plaintiff's First Set of Interrogatories to the extent

that any inquiry seeks to have Defendant create documents that do not exist.

4.      Defendant objects to all discovery to the extent that it seeks information

that is protected from disclosure pursuant to the deliberative process privilege, which

protects agency deliberations leading to any final decision, policy or rulemaking.

     5.    Defendant objects to all discovery that is unreasonably cumulative or

duplicative, or is equally or already, available to Plaintiff.

     6.    Defendant objects to any inquiry that seeks information which, if

disclosed, would violate a statute or regulation.

## INTERROGATORIES

**Interrogatory No. 1: State the names, titles, addresses and phone numbers of each and every person that you believe has knowledge of discoverable matters relative to this action, and the substance of this knowledge.**

    Response: Defendant objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Defendant has previously provided the requested information to Plaintiff in the Report of Investigation in SBA Case No. 05-03-22 (the "ROI"). Without waiving these objections, Defendant responds as follows:

    1.    Harry Haskins, Deputy Associate Administrator, U.S. Small Business Administration, Investment Division, 409 3Rd Street SW, 6th Floor, Washington, DC 20416. Mr. Haskins conducted the interviews.

    2.    Charles Metzger, former Director, Investment Division, retired from SBA. Mr. Metzger's last known address was ▮▮▮▮▮▮▮▮▮▮▮▮ and his phone number was ▮▮▮▮▮▮▮ Mr. Mezger conducted the interviews.

    3.    Jeffrey Pierson, former Associate Administrator, Investment Division. Mr. Pierson is no longer with SBA and SBA was unable to obtain a home address or phone number. The last known business address and phone number for Mr. Pierson were: ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮. Mr. Pierson was the selecting official.

    4.    Roger Pederson, Plaintiff, 689 Lafayette Road, B5-A12, Sea brook, NH 03874.

    5.    Jose Mendez, former Human Resource Specialist, assisted Mr. Mezger with the Knowledge, Skills and Abilities (KA) and the crediting plan.

6.   Peggy Manspeaker, former Human Resource Specialist, evaluated the applicant's qualifications to determine if they met the minimum qualifications.

**Interrogatory No. 2:** **Identify each and every document that is in your possession and is related, in whole or part, to the issues raised in this case and these interrogatories, excluding any documents contained in the Report of Investigation.**

Response: Defendant objects to this Interrogatory to the extent that it is vague, overly broad and requests information that is unduly burdensome to produce. Without waiving these objections, Defendant responds that it has identified no additional documents that appear to be responsive to this request.

**Interrogatory No. 3:** **Identify fully, each and every person whom you expect to call as a witness at trial, by stating separately, for each person, his or her name, title, address, phone number, and the substance of the facts to which each person is to testify:**

Response: Defendant objects to this Interrogatory as unduly burdensome at this time because discovery is ongoing and the SBA has not yet determined who it will call as a witness at trial. Without waiving these objections, and reserving the right to supplement these responses at a later date in accordance with Fed. R. Civ. P. 26(e), Defendant responds as follows:

1.   Harry Haskins, Deputy Associate Administrator, U.S. Small Business Administration, Investment Division, 409 3Rd Street SW, 6th Floor, Washington, DC 20416.  Mr. Haskins testimony would regard the interviews and his recommendations.

2.   Charles Metzger, former Director, Investment Division, retired from SBA. Mr. Mezger's last known address was ██████████████ ████████ and his phone number was ████████ ████████  Mr. Mezger's testimony would regard the interviews and his recommendations.

3.   Jeffrey Pierson, former Associate Administrator, Investment Division. The last known business address and phone number for Mr. Pierson were: ██████████████████████████ ██████████████████████████  Mr. Pierson's testimony would regard the selection process.

3

**Interrogatory No. 4:  Identify each and every person involved with or consulted in the selection process for the subject position, including a description of each person's role in the process:**

Response:  Defendant objects to this Interrogatory to the extent that it is vague and ambiguous, as Defendant is unable to discern the specific meaning of the terms "involved with or consulted" and "process." Defendant further objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Defendant has previously provided the requested information to Plaintiff in the ROI.  Without waiving these objections, Defendant responds as follows:

1.    Harry Haskins, Deputy Associate Administrator, Investment Division. Mr. Haskins was one of two individuals who conducted the interviews for the position.

2.    Charles Metzger, former Director, Office of Small Business Investment Company Examinations.  Mr. Mezger developed the KSA's and the crediting plan.  Mr. Mezger was one of two individual who conducted the interviews for the position.

3.    Jeffery Pierson, former Associate Administrator, Investment Division. Mr. Pierson was the selecting official.

4.    Jose Mendez, former Human Resource Specialist.  Mr. Mendez assisted Mr. Mezger with the KSA's and crediting plan.

5.    Peggy Manspeaker, former Human Resource Specialist.  Ms. Manspeaker evaluated the applicant's qualifications to determine if they met the minimum qualifications for the position.

**Interrogatory No. 5:  Identify any scoring procedure used in the selection process for the subject position, including who performed such scoring and a description of such scores for each applicant for the position.**

Response:  Defendant objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Defendant has previously provided the requested information to Plaintiff in the ROI.  Without waiving these objections, Defendant responds as follows:

1.    Peggy Manspeaker, a former Human Resource Specialist reviewed all of the applications for the subject position and determined that the applicants were qualified for the position. (See ROI Exhibit 17).

4

**Interrogatory No. 6: Identify any review of applicant's resume or SF-171 forms performed in the selection process for the subject position, including persons performing the reviews and any procedures performed to verify information contained in the applications**

Response: Defendant objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Defendant has previously provided the requested information to Plaintiff in the ROI. Without waiving these objections, Defendant responds as follows:

1.   Peggy Manspeaker, a former Human Resource Specialist, reviewed all of the applications for the position including all SF-171's and resumes.

**Interrogatory No. 7: Identify any and all communications between Harry Haskins and the selecting official regarding the selection for the subject position, identifying the date and specific details of each communication.**

Response: Defendant objects to this Interrogatory to the extent that it is overly broad and that it is unduly burdensome to request that Defendant identify "any and all communications." Defendant further objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Defendant has previously provided the requested information to Plaintiff in the ROI. Without waiving these objections, Defendant responds as follows:

On or about January 23, 2003, Harry Haskins sent Jeffery Pierson an e-mail that included both his and Charles Mezger's summary of the interviews for the position. In their summaries, both Haskins and Mezger recommended that Mark Donadieu. Mark Mead and Lourdes Gatell be considered for the position (ROI Exhibit 25).

Following the interviews, Harry Haskins, Charles Mezger and Jeffrey Pierson had two meetings concerning the selection for the position. In the first meeting, which was held in Mr. Haskins' office, both Haskins and Mezger discussed the interviews and made their recommendations. Approximately two days later, Haskins, Mezger and Pierson met in Pierson's office to discuss the applicants for the position. During this conversation the qualifications of Mark Donadieu and Lourdes Gatell were discussed.

5

**Interrogatory No. 8: Identify all promotions of employees from GS-13 to GS-14 or GM-14 within the agency's investment division by race, gender and age, for the period January 1, 2001, through July 31, 2005.**

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision. Specifically, this request improperly seeks information relating to employees in the Investment Division at SBA offices nationwide concerning the promotion of employees for significant periods before and after the selection of Ms. Gatell, the hiring decision at issue in this case. Defendant also objects to the Interrogatory as overly broad and unduly burdensome to the extent that it requires Defendant to review personnel files of all current and former Investment Division employees (some of which would have to be retrieved from storage) in order to determine who was promoted to a GS-14 in the division since January 1, 2001.

**Interrogatory No. 9: Identify all discrimination complaints filed by any persons regarding any and all positions that the selectee has held in the agency, including any position beyond the GS-14 Examiner position, providing a listing of complainants, type of complaint, details, and disposition or current status for each complaint.**

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision. Specifically, the request seeks information about discrimination complaints that may have been filed against unidentified selecting officials regarding any positions the selectee may have held at the SBA before or after the position challenged in this case.

**Interrogatory No. 10: Identify the selectee's official position title for each and every position she has held at the agency immediately prior to her selection to the subject GS-14 Examiner position.**

Response: Defendant objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Defendant has previously provided the requested information to Plaintiff in the ROI. Without waiving these objections, Defendant responds as follows:

1.  Financial Analyst, Office of SBIC Operations, August 1998 – October 1999.

2.    Program Analyst, Office of SBIC Operations, October 1999- Selection
(See ROI, Exhibit 21).

**Interrogatory No. 11: Identify selectee's current position including grade, step and salary, including details of any promotion that the selectee has received since her selection to the subject GS-14 Examiner position.**

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision. Without waiving these objections, Defendant responds that Ms. Gatell, the challenged selectee, is currently the Director, SBIC Examinations, GS-15-04.

**Interrogatory No. 12: Identify all persons who have applied for any and all positions to which the selectee has applied and been selected in the agency's Investment Division.**

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision. Specifically, the request improperly requests information concerning "any and all positions" to which Ms. Gatell, the selectee, has held at the agency. Defendant submits that the only relevant selection is Ms. Gatell's selection to the GS-14 Examiner position. Defendant further objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Defendant has previously provided the requested information to Plaintiff in the ROI. Without waiving these objections, Defendant responds as follows:

Applicants for the GS-14 Examiner Position:

1.    Michael R. Donadieu
2.    Lourdes L. Gatell
3.    Todd W. Liebrand
4.    Steven M. Mead
5.    Roger O. Pederson
6.    Michael G. Steininger

7

**Interrogatory No. 13:  Set forth in detail reasons for the selectee's departure in or about October 1999 from her then employment in the agency's Investment Division, and knowledge of such by any person who participated in the selection process for the subject position.**

Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

**Interrogatory No. 14:  Identify all SBIC examinations the selectee performed in her prior position as a SBIC Financial Analyst, including in your response for each, SBIC licensee examined, location where the examination was performed, and dates of examination.**

Response:  Defendant has no information responsive to this request.

**Interrogatory No. 15:  Identify any difficulty the selectee had getting along with her supervisor during her prior employment of approximately August 1998 through October 1999 in the Investment Division that was known by any participant in the selection process for the subject position, and the results such knowledge had in the selection process.**

Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

**Interrogatory No. 16:  Identify any trips during the period December 1, 1999, through March 31, 2004, that any manager or supervisor visited, or at any time within that period such persons were present in, the Boston Examinations office, including in your response the name of the manager or supervisor, itinerary, and any other persons on the trip.**

Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

8

**Interrogatory No. 17:** Set forth in detail the circumstances regarding any trip made together by Harry Haskins and the selectee to San Francisco, California, including in your response, reasons for the trip, other persons on trip, date and duration, and lodging arrangements for each person.

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

**Interrogatory No. 18:** Identify any relationship between Harry Haskins and the selectee during their periods of employment at the agency, including characteristic and description of whether such relationship was professional or personal, and dates of such relationship and any changes in the relationship.

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

**Interrogatory No. 19:** Set forth in detail all circumstances under which Carol Carroll was transferred to, or retained in, the agency's investment Division in or about September 1992, including, but not limited to, any intervention or facilitation of that transfer by government official not employed by the agency.

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

**Interrogatory No. 20:** Identify any relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff, Andrew Card, and any effects or actions such relationship had on the agency's employment of Carol Carroll at the agency and its Boston Examinations office, including any intervention or influence made by Andrew Card on the agency's employment of Carol Carroll.

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

9

**Interrogatory No. 21: Set forth in detail the terms of Carol Carroll's employment with the agency, including change from part-time to full-time employment, and reasons for changes.**

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

**Interrogatory No. 22: Set forth in detail the reasons and circumstances regarding Charles Metzger's termination from the agency's investment division and agency in or about 2003, including details of any actions or communications by agency management that would motivate or cause his departure.**

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision. Without waiving these objections, Defendant has no information responsive to the request regarding Metzger's "termination."

**Interrogatory No. 23: Set forth in detail the reasons and circumstances regarding selecting official Jeffery Pierson's termination from the agency in or about 2004.**

Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

**Interrogatory No. 24: Set forth in detail reasons and circumstances regarding Declarations of Harry Haskins made in the presence of David Gattis, Attorney Advisor and Ellen Zeitz, Supervisory Human Relations Specialist, dated March 19, 2003, and May 27, 2003, concerning a statement by the selecting official that the selection that selection of Lourdes Gatell would help the numbers [Report of Investigation, Exhibit 24], and any follow up by the agency.**

Response: Defendant objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Defendant has previously provided the requested information to Plaintiff in the ROI, and the document was raised and discussed in the deposition of Harry Haskins by Plaintiff on November 18, 2005. Defendant further objects to the disclosure of this information on the basis of attorney-client privilege, attorney work product and the deliberative process privileges. Mr. Haskins was not

10

authorized by the agency to disclose his declarations from this investigation. Without waiving the foregoing objections, Defendant responds as follows:

An applicant for the Examiner position submitted a statement of dispute pursuant to SBA SOP 37-71-2, alleging a prohibited personnel practice during the hiring process. Mr. Haskins' Declarations, dated March 19, 2003 and May 27, 2003 were part of an internal investigation concerning that employee's allegation.

**Interrogatory No. 25: Identify separately with respect to each numbered response to these interrogatories each and every individual, other than the defendant's attorney assigned in this case, who supplied information or otherwise participated or assisted in the preparation of your responses to the interrogatories, including his or her name, title, address, and phone number.**

Response:  Defendant responds as follows:

1.    Harry Haskins, Deputy Associate Administrator, U.S. Small Business Administration, Investment Division, 409 3rd Street SW, 6th Floor, Washington, DA 20416, (202) 205-6694. Mr. Haskins supplied information that was used in preparing responses to interrogatories 1, 2, 3, 4, 6, 7, and 24.

2.    Lourdes Gatell, Director, Office of Examinations, U.S. Small Business Administration, 409 3rd Street SW, 6th Floor, Washington, DC 20416, (202) 205-7281. Ms Goodwill supplied information used in preparing responses to interrogatories 1, 10, 11 and 14.

For objections only,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar#434122
Assistant United States Attorney

JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

Dated: February 11, 2008

<u>Certification as to Answers</u>

I hereby certify that the Responses to Plaintiff's First Set of Interrogatories are true to the best of my knowledge based upon information provided to me by the responsible SBA officials, as of the date of these interrogatories.

_____
William Gery
Trial Attorney, Office of Litigation
Small Business Administration

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid, and by electronic mail, to:


ROGER O. PEDERSON (pro se)
689 Lafayette Road, #B5-A12
Sea brook, NH 03874


on this 11th day of February, 2008.

/s/
_____
JOHN G. INTERRANTE
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ORIGINAL**

ROGER O. PEDERSON,    )
)
Plaintiff,    )    Civil Action No.: 06-1418 (RCL)
)
v.    )
)
STEVEN C. PRESTON, ADMINISTRATOR,    )
SMALL BUSINESS ADMINISTRATION,    )
)
Defendant.    )
)

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Steven C.

Preston, Administrator, U.S. Small Business Administration ("SBA"), by and through its

undersigned attorneys, responds to the Plaintiff's Request for Production of Documents

as follows:

### GENERAL OBJECTIONS

1.    The information supplied in this response is that produced after a reasonable

search of those areas likely to contain the information sought and is that currently

available to Defendant's agents, representatives, employees, and/or its attorneys, unless

privileged, and Defendant therefore reserves the right to supplement, clarify, revise or

correct at any time any or all of the information contained in this response should

additional or different information become available through discovery or otherwise.

2.    In providing this response to the discovery request, Defendant does not in

any manner admit or imply that he considers any of the responses hereto, or any

documents produced pursuant to the discovery request, to be relevant or material to the

subject matter of this action or to the claims or defenses of any party herein, or that such discovery request or documents are reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendant does not waive and hereby reserves his right to assert any and all objections to the admissibility into evidence at the trial of this action, or in any other proceeding, of any response to the discovery request or any document produced or referred to in response to the discovery request, on any and all grounds, including, but not limited to, competency, relevance, materiality, and privilege.  Defendant does not waive any objection that he might have to any other discovery request involving or relating to the subject matter of the discovery request.

4.    Defendant reserves the right to object to the use of its response to the discovery request in any proceeding other than the above-captioned action.

5.    Defendant will set forth in a separate letter any material produced in response to these discovery requests that are covered by the Court's Protective Order.

## RESPONSE TO REQUESTS FOR PRODUCTION

**Request Number 1: Produce all documents identified in, or which in any way relate, pertain or refer to your response to Plaintiff's Request for Interrogatories, or relied upon in responding to such Interrogatories.**

Response: Defendant objects to this request to the extent that it is vague, overly broad and requests information that is unduly burdensome to produce. Defendant further objects to this request on the basis that it seeks documents that are protected from disclosure pursuant to the attorney work product privilege, attorney client privilege, and the deliberative process privilege. Defendant also objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Without waiving these objections, Defendant responds that it has identified no additional documents than those previously provided to Plaintiff in the Report of Investigation in SBA Case No. 05-03-22 (the "ROI"), and in response to Plaintiff's document requests in Equal Employment Opportunity Commission ("EEOC") Case No. 100-2004-00571X.

2

**Request Number 2:  Produce all documents that relate, pertain, or refer to selection of the person chosen to the subject position of GS-14 Examiner that are not already contained in the Report of Investigation.**

Response:  Defendant objects to this request to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Without waiving these objections, Defendant responds that it has identified no additional documents than those previously provided to Plaintiff in the ROI, and in response to Plaintiff's document requests in EEOC Case No. 100-2004-00571X.

**Request Number 3:  Produce all documents that relate, pertain or refer to the selection of the Selectee for any position beyond the GS-14 Examiner to which she was hired or promoted subsequent to her selection for GS-14 Examiner position.**

Response:  Defendant objects to this request because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of relevant or admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.  The GS-501-14 Examiner position which is the subject of this matter was not a career ladder position (ROI Exhibit 15).  GS-14 was the full performance level for this position.  Therefore, documents regarding a subsequent selection are not relevant and not likely to lead to the discovery of relevant or admissible evidence.

**Request Number 4:  Produce documents that list official position description of all of Selectee's position held during her employment at the agency, including SF-50 forms, including that for her prior position of SBDC Examiner.**

Response:  Defendant objects to this request because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of relevant or admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.  Plaintiff has improperly requested the official position description for "all" positions the Selectee has held at the SBA.  As noted in the Response to Request No. 3 above, documents relating to the Selectee's current position are not relevant or likely to lead to the discovery of relevant or admissible evidence.  Defendant also objects to this request to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Without waiving these objections, Defendant responds that it has identified the attached responsive documents in addition to the documents previously provided to Plaintiff in the ROI, and in response to Plaintiff's document requests in EEOC Case No. 100-2004-00571X.

3

**Request Number 5:  Produce all applications and application packages that Selectee has submitted to the agency in response to any and all vacancy announcements or other positions that she has applied for at the agency throughout her employment with the agency.**

Response:  Defendant objects to this request because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of relevant or admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.  Plaintiff's complaint concerns his non-selection for the GS-14 Examiner Position. Selectee's application packages for positions other than the GS-14 Examiner position, to the extent they exist, are not relevant to this matter and not likely to lead to relevant or admissible evidence.  Defendant objects to this request to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Without waiving these objections, Defendant responds that it has identified no additional documents than those previously provided to Plaintiff in the ROI, and in response to Plaintiff's document requests in EEOC Case No. 100-2004-00571X.

**Request Number 6:  Produce any and all SBIC examination reports, workpapers, or any other work product that the Selectee prepared in any SBIC examination she performed prior to her selection for the position of GS-14 Examiner.**

Response:  Defendant does not have any documents that are responsive to this request.

**Request Number 7:  Produce all documents that relate, pertain, or refer to complaints of discrimination against the defendant filed by any other complainant or plaintiff in regard to any and all positions in the agency's Investment Division to which Selectee was selected.**

Response:  Defendant objects to this request because it is vague, overly broad, it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003. Specifically, the request seeks information about discrimination complaints that may have been filed against unidentified selecting officials regarding any positions the selectee may have held at the SBA before or after the position challenged in this case.

**Request Number 8: Produce all documents that you believe could provide discoverable evidence that Selectee was more qualified than the Plaintiff for the subject position of GS-14 Examiner.**

Response: Defendant objects to this request to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Without waiving these objections, Defendant responds that it has identified no additional documents than those previously provided to Plaintiff in the ROI, and in response to Plaintiff's document requests in EEOC Case No. 100-2004-00571X

**Request Number 9: Produce all documents not included in the Report of Investigation that the Agency intends to introduce into evidence or us at trial.**

Response: Defendant objects to this request to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Without waiving these objections, Defendant responds that it has identified no additional documents than those previously provided to Plaintiff in the ROI, and in response to Plaintiff's document requests in EEOC Case No. 100-2004-00571X. Defendant further objects to this request as unduly burdensome because discovery is ongoing and Defendant has not yet determined what documents it intends to produce at trial. Defendant will identify the proposed trial exhibits at the time specified in LCvR 16.5 or as otherwise ordered by the Court.

**Request Number 10: Produce all documents prepared by selecting official Jeffery Pierson, interviewer, Harry Haskins and Charles Mezger, and Selectee, including personal notes, diaries, journals or audiotapes that pertain to selection for the position, that are not provided by you in response to other requests herein.**

Response: Defendant objects to this request to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff. Without waiving these objections, Defendant responds that it has identified no additional documents than those previously provided to Plaintiff in the ROI, and in response to Plaintiff's document requests in EEOC Case No. 100-2004-00571X. Defendant also objects to this request to the extent that it requests documents that may be in the custody, possession or control of Jeffrey Pierson and Charles Metzger, who are no longer employed by the SBA.

5

**Request Number 11: Produce all documents, including transcripts, that pertain to a speech made on October 7, 1998, by then Investment Division Associate Administrator Donald Christiensen in his program presentation at the National Association of Small Business Investment Companies conference in Lansdowne, Virginia.**

Response: Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003. Defendant further objects to this request because Donald Christiensen is no longer employed by the SBA and therefore Defendant does not have access to any documents in his custody, possession, or control. Without waiving these objections, Without waiving these objections, Defendant responds that it has identified no documents responsive to this request.

**Request Number 12: Produce all documents, not included in the Report of Investigation, that relate to Declarations of Harry Haskins of March 19, 2003, and May 23, 2003, concerning how Selectee's selection for the subject position helps the numbers [Report of Investigation, Exhibit 24], including documents related to any follow-up by the agency.**

Response: Defendant objects to this request as vague, ambiguous, and overly broad because it requests all documents that "relate" to the Declaration of Harry Haskins and Plaintiff has not defined what is meant by "follow-up by the agency." Defendant further objects to this request because it seeks documents subject to attorney-client privilege, attorney work product and the deliberative process privileges.

**Request Number 13: Produce any and all documents, other than the vacancy announcement provided to the public, provided by agency management or employees to Selectee for her use or reference in the preparation of her application and interview for the position.**

Response: Defendant does not have any documents responsive to this request.

**Request Number 14: Produce all documents pertaining to a trip that Harry Haskins and Selectee made together to San Francisco, California, including agency approvals, expense reports, and supporting expense reports.**

Response: Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

**Request Number 15: Produce all documents pertaining to former agency employee Carol Carroll's transfer to agency's Investment Division on or about September 30, 1992, including, but not limited to, all correspondence sent by Carol Carroll to agency officials regarding her transfer or possible non-transfer to the Investment Division.**

Response: Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

**Request Number 16: Produce all documents under your control that pertain to correspondence or communication between Carol Carroll and former Secretary of Transportation and White House Chief of Staff Andrew Card, or between any other agency employee and Andrew Card, that discussed or pertained to the employment of Carol Carroll at the agency.**

Response: Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

**Request Number 17: Produce all documents under your control that pertain to correspondence or communication between agency management pertaining to correspondence or relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff Andrew Card, which discussed or pertained to the employment of Carol Carroll at the agency.**

Response: Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

**Request Number 18: Produce all documents pertaining to any change in employment status for former agency employee Carol Carroll occurring subsequent to January 1, 2001, including any change in hours of duty such as from part-time to full-time status.**

Response: Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

**Request Number 19: Produce agency's code of conduct and ethics policy for employees in effect during the period January 1, 2000 through April 3, 2004.**

Response: Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003. Without waiving these objection, Defendant has identified the attached documents as responsive to this request.

For objections only,

_Jeffrey A. Taylor / cch_

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_Rudolph Contreras / cch_

RUDOLPH CONTRERAS, DC Bar#434122
Assistant United States Attorney

/s/

JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

Dated: February 11, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by First-Class mail,

postage prepaid, and by electronic mail, to:


ROGER O. PEDERSON (pro se)
689 Lafayette Road, #B5-A12
Sea brook, NH 03874


on this 11th day of February, 2008.

/s/

JOHN G. INTERRANTE
Assistant United States Attorney

9

## Document Request # 4

### Position Descriptions

**Document Production # 19**
**Code of Conduct & Ethics Policy**
**2000-2004**

## Certification as to Answers

I hereby certify that the Responses to Plaintiff's First Set of Interrogatories are true to the best of my knowledge based upon information provided to me by the responsible SBA officials, as of the date of these interrogatories.

William Gery
Trial Attorney, Office of Litigation
Small Business Administration

13