UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROGER O. PEDERSON,** )<br>)<br>Plaintiff,    ) <br>)<br>v.    )<br>)<br>**STEVEN C. PRESTON, ADMINISTRATOR,** )<br>**SMALL BUSINESS ADMINISTRATION,**   )<br>)<br>Defendant.    )<br>) | Civil Action No.: 06-1418 (RCL) |

**DEFENDANT'S FIRST MOTION FOR ENLARGEMENT OF TIME TO
RESPOND TO MOTION TO COMPEL**

Defendant, Steven C. Preston, Administrator, Small Business Administration, by and through undersigned counsel, respectfully requests an extension of time of one week to, and including, March 19, 2008, in which to file a response to plaintiff's motion to compel discovery filed on February 27, 2008. The motion was filed two weeks after defendant served his response to plaintiff's first set of interrogatories and first request for production of documents on February 11, 2008 in a lawsuit that has been pending for over 18 months, and was initially dismissed without prejudice due to plaintiff's failure to respond to a court order.[1] This is defendant's first request for

---

[1] Defendant's responses were served on plaintiff at his e-mail address on February 11, 2008, the parties' mutually agreed-upon deadline. A copy of the responses was also served by mail. Plaintiff, who has a CPA, MBA and law degree, sent an electronic mail message to undersigned counsel on Friday, February 15, 2008, complaining that defendant's responses were "significantly lacking in sufficiently related to what was requested." Undersigned counsel was not able to respond at that time because he was on sick leave (flu) from Tuesday, February 12, 2008, and did not return to the office until Tuesday, February 19, 2008. Additionally, undersigned counsel had two pressing deadlines within a week of his return and was not able to respond to plaintiff's non-specific objection to defendant's responses before plaintiff filed his motion to compel. Specifically, undersigned counsel filed a motion for summary judgment in Hussain v. U.S. Department of Homeland Security, Civil Action No. 07-1633 (PLF), on February 20, 2008, and a reply brief in Dews-Miller v. Rice, Civil Action No. 06-1764 (GK), on

an extension of time to respond to plaintiff's motion.[2]  Defendant, through undersigned counsel, contacted plaintiff by electronic mail, and advised of defendant's intention to file this motion. Counsel advised plaintiff in the message that, if counsel was not able to obtain plaintiff's position prior to filing the motion, defendant would represent that plaintiff reserves his right to file an opposition.  Defendant relies on the following points and authorities in support of this motion.  A proposed Order is attached.

     1.     The complaint in this case was filed on August 10, 2006 (Docket Entry No. 1), was dismissed without prejudice by Order of this Court issued on December 11, 2006 based on plaintiff's failure to comply with a Court order (Docket Entry No. 3) .  The case was reopened, upon motion of plaintiff, by this Court's Order issued on April 23, 2007 (Docket Entry No. 10).  The Court entered a scheduling order on July 5, 2007 (Docket Entry No. 15), setting a discovery deadline of February 6, 2008, which has been extended by Order of this Court issued on February 6, 2008 (Docket Entry No. 23), upon consent motion, until May 6, 2008.

---

February 25, 2008.  The latter case had been recently transferred to undersigned counsel upon the departure of the Special Assistant United States Attorney who had filed the initial dispositive motion, and a status hearing was set for February 26, 2008.

   [2] Plaintiff's motion to compel was filed on February 27, 2008, and ECF notification of the filing was made on February 28, 2008.  Defendant inadvertently calendared the response as due 11 days from February 27, 2008, with 3 days for mail, or on March 12, 2008, under LCvR 7(b).  Defendant also received plaintiff's motion by Federal Express on February 27, 2008, which we acknowledge listed the mailing date as February 25, 2008.  Under LCvR 7(b) and Fed. R. Civ. P. 6, defendant's response was therefore due on March 10, 2008.  Because this deadline was inadvertently allowed to pass, we submit that this oversight constitutes "excusable neglect" within the meaning of Fed. R. Civ. P. 6(b)(2).  The discovery deadline is May 6, 2008, and a one-week delay will therefore result in no prejudice to plaintiff, will have no materially adverse effect upon the Court's consideration of this case, and was the result of a good faith mistake by defendant's counsel.  See In re: Vitamins Antitrust Class, 327 F.3d 1207 (D.C. Cir. 2003).  See generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).

2. Plaintiff's complaint challenges his non-selection for the position of "Manager for Contract Examinations, Examiner, GS-14," which was announced by the Small Business Administration ("SBA") on November 22, 2002, and the selection decision was made on January 27, 2003. See Roger Pederson v. Hector Barreto, Administrator, Small Business Administration, EEOC No. 100-2004-00571X, "Undisputed Facts" at ¶¶ 2-3, 12-13 (February 28, 2006) (Administrative Law Judge decision granting summary judgment for the SBA and finding that Mr. Pederson "failed to produce evidence that could prove that the Agency discriminated against him"). "[Mr. Pederson] was not ranked as one of the top three candidates by any of the interviewers." Id. at ¶ 10. There was extensive discovery at the administrative level and plaintiff deposed the selectee and an SBA official. Notwithstanding the single non-selection decision at issue in this case, plaintiff attempted to challenge his non-selection by asserting, among other things, that an SBA official allegedly made a discriminatory comment at least three years before the vacancy announcement was even posted. The administrative law judge wrote, "[Mr. Pederson] offers no evidence to substantiate that the comment was actually made," and concluded that there was "no nexus" between the speculative, self-serving assertion and the non-selection decision. Id. at 9 (citations omitted).

3. Plaintiff's discovery requests in this case seek information that appears to be even more attenuated to the January 2003 selection decision than the comment rejected by the administrative law judge. For example, Interrogatory No. 19 asked for the following information:

> Set forth in detail all circumstances under which Carol Carroll was transferred to, or retained in, the agency's investment Division in or about September 1992, including but not limited to, any intervention or facilitation of that transfer by government official not employed by the agency. (Emphasis added.)

In Interrogatory No. 20, plaintiff asks defendant to:

> Identify any relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff, Andrew Card . . . .

These requests appear to be part of a speculative fishing expedition that is oppressive and unduly burdensome. Carol Carroll did not apply for the vacancy announcement at issue, was not the selecting official, had no involvement in the hiring decision, and any agency action relating to her employment made ten years before the hiring decision at issue in this case is therefore irrelevant to any issue in this case. Furthermore, the interrogatory seeking information about Secretary Card is inexplicable since plaintiff can allege no nexus between any action by Secretary Card, either at the Department of Transportation or in the White House, relating to the SBA selection decision in this case.

4. The requested extension is therefore necessary to review plaintiff's explanation of the relevance of discovery requests seeking information that has no apparent relevance to this case.

WHEREFORE, defendant requests a one-week extension of time to respond to plaintiff's motion to compel discovery.

Respectfully submitted,

   /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


   /s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid, and by electronic mail, to:

ROGER O. PEDERSON (pro se)
689 Lafayette Road, #B5-A12
Sea brook, NH 03874

on this 12th day of March, 2008.

                                                ____/s/_____
                                                JOHN G. INTERRANTE
                                                Assistant United States Attorney