## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROGER O. PEDERSON,** | ) |
| | ) |
| **Plaintiff,** | )     **Civil Action No.: 06-1418 (RCL)** |
| | ) |
| **v.** | ) |
| | ) |
| **STEVEN C. PRESTON, ADMINISTRATOR,** | ) |
| **SMALL BUSINESS ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION TO COMPEL

Defendant, Steven C. Preston, Administrator, Small Business Administration ("SBA"), by and through undersigned counsel, respectfully responds to plaintiff's motion to compel discovery filed on February 27, 2008. Plaintiff, who is proceeding <u>pro se</u>, but is an attorney, seeks the Court's expansion of discovery in this matter beyond reasonable bounds for various reasons, none of which justify any such expansion at all. Plaintiff's motion also fails to convey the considerable amount of discovery he previously received from defendant at the administrative level, which comprised the relevant material relating to the challenged employment selection decision. Accordingly, defendant opposes plaintiff's motion to compel because his requests go well beyond the scope of proper discovery and/or are excessively burdensome. Finally, plaintiff's motion to compel was prematurely filed in this case, given plaintiff's failure to identify a specific objection to a single response to any of his discovery requests prior to filing his motion.

## BACKGROUND

### A.     Administrative Proceeding and Case History

Plaintiff's Complaint challenges his non-selection for the position of "Manager for Contract Examinations," a GS-14 position, which was announced by the Small Business Administration ("SBA") on November 22, 2002, and the selection decision was made on January 27, 2003.  See Compl., ¶¶ 5-7; Roger Pederson v. Hector Barreto, Administrator, Small Business Administration, EEOC No. 100-2004-00571X, "Undisputed Facts" at ¶¶ 2-3, 12-13 (February 28, 2006) (attached as Exhibit A hereto).  The sole claim timely raised by plaintiff before the EEOC was "[w]hether [Mr. Pederson] was discriminated against on the basis of his age (DOB: **/**/****), when he was not selected for the position of Contract Examination Manager . . . ." Pederson v. Barretto, EEOC No. 100-2004-00571X at 3.  "[Mr. Pederson] was not ranked as one of the top three candidates by any of the interviewers." Id. at ¶ 10.  The administrative law judge granted summary judgment for the SBA and found that Mr. Pederson "failed to produce evidence that could prove that the Agency discriminated against him" Id.

There was extensive discovery at the administrative level and plaintiff deposed the selectee and an SBA official who interviewed the applicants for the announced job vacancy, including plaintiff.  Notwithstanding the single selection decision at issue in this case, plaintiff attempted to challenge his non-selection by asserting, among other things, that an SBA official allegedly made a discriminatory comment at least three years before the vacancy announcement was even posted.[1]

---

[1]  Plaintiff apparently has abandoned his continuing efforts to serve irrelevant discovery on this point by not moving to compel a further response to Request for Document Production No. 11 ("Produce all documents, including transcripts, that pertain to a speech made on October 7, 1998, by then Investment Division Associate Administrator Donald Christiensen in his program presentation at the National Association of Small Business Investment Companies

The administrative law judge wrote, "[Mr. Pederson] offers no evidence to substantiate that the comment was actually made," and concluded that there was "no nexus" between the speculative, self-serving assertion and the non-selection decision. Id. at 9 (citations omitted).

Plaintiff filed the complaint in this case on August 10, 2006. The complaint was dismissed without prejudice by Order of this Court issued on December 11, 2006 based on plaintiff's failure to comply with a Court order (Docket Entry No. 3). The case was reopened, upon motion of plaintiff, by this Court's Order issued on April 23, 2007 (Docket Entry No. 10). The Court entered a scheduling order on July 5, 2007 (Docket Entry No. 15), setting a discovery deadline of February 6, 2008.

By Order dated February 6, 2008 (Docket Entry No. 23), upon consent motion, this Court extended discovery until May 6, 2008. Defendant's responses to plaintiff's first set of interrogatories and first set of requests for production were served on plaintiff at his e-mail address on February 11, 2008, the parties' mutually agreed-upon deadline. A copy of the responses was also served by mail. Plaintiff, who has a CPA, MBA and law degree, sent an electronic mail message to undersigned counsel on Friday, February 15, 2008, complaining that defendant's responses were "significantly lacking in sufficiently related to what was requested."[2] Undersigned counsel was not able to respond at that time or the following holiday-shortened week because he was on sick leave from Tuesday, February 12, 2008, and did not return to the office until Tuesday, February 19, 2008.[3]

conference in Lansdowne, Virginia.").

[2] See Pederson v. Baretto, EEOC No. 100-2004-00571X at 7-8 ("Although [Mr. Pederson] avers that he is better qualified because he has a CPA, MBA and law degree, there is no indication that a law degree or a CPA accreditation are required for that position.").

[3] Additionally, undersigned counsel had two pressing deadlines within a week of his return and was not able to respond to plaintiff's non-specific objection to defendant's responses

Plaintiff failed to raise a specific objection to any discovery response in any of his messages prior to filing the motion to compel. Nor did plaintiff make any attempt to limit his requests prior to mailing the motion to compel on Monday, February 25, 2008, the fifth business day after he left his first phone message. That was hardly a reasonable period of time in a lawsuit that has been pending for over 18 months, and was initially dismissed without prejudice due to plaintiff's failure to respond to a court order. Accordingly, defendant submits that plaintiff did not engage in a meaningful attempt to resolve the alleged discovery disputes prior to filing his motion to compel discovery.

### B.    **Defendant Has Acted in Good Faith**

Plaintiff has alleged that he does not believe that defendant has acted in good faith in its responses to his interrogatories and requests for documents (see Mot. to Compel at 3). As evidence of this alleged lack of good faith, plaintiff points to defendant's request that plaintiff sign a protective order which would authorize the SBA to disclose documents containing information protected under the Privacy Act and Trade Secrets Act. To the contrary, defendant raised the issue of the protective order during its preliminary review of plaintiff's discovery requests and in an effort to avoid a delay in disclosure of any responsive documents that may be later identified in our discovery responses. Plaintiff also complains that undersigned counsel signed the interrogatory responses "as to objections," and agency counsel signed a separate "Certification as to Answers,"

---

before plaintiff filed his motion to compel. Specifically, undersigned counsel filed a motion for summary judgment in Hussain v. U.S. Department of Homeland Security, Civil Action No. 07-1633 (PLF), on February 20, 2008, and a reply brief in Dews-Miller v. Rice, Civil Action No. 06-1764 (GK), on February 25, 2008. The latter case had been recently transferred to undersigned counsel upon the departure of the Special Assistant United States Attorney who had filed the initial 66-page motion to dismiss or, in the alternative, for summary judgment with 58 exhibits, and a status hearing was set for February 26, 2008.

4

is evidence of bad faith and "a tag-team approach on the pro se plaintiff" (Mot. to Compel at 3). Plaintiff's disagreement is not with defendant, but with the Federal Rules of Civil Procedure, which clearly require that "[t]he answers [to interrogatories] are to be signed by the person making them [i.e., the defendant], and the objections signed by the attorney making them" (Fed. R. Civ. P. 33(b)(2)).

Defendant has made a good faith effort to respond to plaintiff's discovery requests in a timely manner. Specifically, plaintiff's first set of discovery requests were mailed on November 13, 2007, and thus defendant's response was due on Monday, December 17, 2007. Defendant did not receive the requests until November 19, 2007. Shortly after the requests were received, undersigned counsel, who had recently transferred to the Civil Division, entered an appearance in this case as lead counsel on November 28, 2007, discussed the discovery requests with agency counsel, and contacted plaintiff to request a 30-day extension of time to January 17, 2008, to respond to the first set of discovery requests. As that deadline approached, undersigned counsel conferred with agency counsel, who advised that he was still in the process of contacting witnesses, reviewing documents, and preparing a draft response, but that this process had been delayed over the holiday season. In addition, upon his review of the discovery requests, SBA counsel determined that a protective order was appropriate based on information sought by plaintiff in at least one interrogatory. For example, Request for Production ("RFP") No. 6 requested the following information:

> Produce any and all SBIC examination reports, workpapers, or any other work product that the Selectee prepared in any SBIC examination she performed prior to her selection for the position of GS-14 Examiner.

Defendant's concern was that RFP 6 (and Interrogatory No. 14, which requested the same information) sought disclosure of protected financial and trade secret information that may have

been reviewed during any "SBIC" examinations.

On or about January 17, 2008, undersigned counsel advised plaintiff that the SBA would require an additional extension based on the reasons stated in the preceding paragraph. Undersigned counsel also discussed agency counsel's request for a protective order at this time to avoid any delay in disclosure of responsive information to requests, such as RFP 6, after SBA's responses were complete. Undersigned counsel agreed to prepare a stipulated protective order for plaintiff's review and consent. By Order dated January 23, 2008, this Court approved the Stipulated Protective Order (Docket Entry No. 21) submitted by the parties, which authorized either party to designate material "in good faith to constitute protected information under the Privacy Act and/or Trade Secrets Act or an otherwise unreasonable invasion of privacy" (see Stipulated Protective Order at 1).

In the process of gathering responsive information, agency counsel spoke to relevant witnesses (including the selectee, Lourdes Gatell), and determined that there was no responsive information to RFP 6. That, of course, does not mean that the defendant acted in bad faith in requesting a protective order prior to completing its search for responsive documents. Nor does plaintiff disagree with defendant's response because he did not move to compel discovery under RFP 6. Accordingly, plaintiff's suggestion that there was any bad faith on the part of defendant in seeking a protective order, which was submitted by a joint motion, is completely baseless.

Nor is plaintiff's claim of delay by defendant supported by the facts. Plaintiff consented to two additional extensions of time, totaling less than a month, for defendant to respond to the discovery requests. The final agreed-upon extension was until February 11, 2008.

## APPLICABLE LEGAL PRINCIPLES

Under Rule 26(b)(1), Plaintiff is entitled only to discovery "regarding any matter, not

6

privileged, that is relevant to the claim or defense of any party" and further provides that "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  In the context of employment discrimination cases, such discovery must be specific to a reasonable time frame surrounding the discriminatory event being alleged.  Dorchy v. WMATA, 45 F. Supp. 2d 5, 16 (D.D.C. 1999).  A reasonable time frame, for allegations of discriminatory conduct over a short period of employment, is generally limited to said period of employment.  For example, in Hardrick v. Legal Services Corp., 96 F.R.D. 617 (D.D.C. 1983), this Court limited the plaintiff's discovery requests to the period of her employment where:

> Plaintiff's interrogatories seek discovery concerning the entire scope of the defendant's personnel practices and procedures for the entire corporation from January 1, 1976 to the present time . . . . In this case plaintiff has alleged disparate treatment in the terms and conditions of her employment in 1980 and 1981 and with respect to her termination on April 1, 1981. While Rule 26 permits discovery not only of matters which may be relevant and admissible at trial, but also of matters which may lead to admissible evidence, and courts in the past have stated that the rules should be broadly and liberally construed, more recently courts have become concerned about "fishing expeditions", discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests.  Thus, discovery should be tailored to the issues involved in the particular case . . . .  This is so even in a case involving allegations of race discrimination, and while claims of disparate treatment, of necessity, require discovery of how others have been treated, it should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct. Thus, the Magistrate is persuaded by the authorities cited by the defendant which indicate that discovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats all of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other prohibited grounds of unlawful discrimination.

Id. at 618-619.

Plaintiff cites absolutely no legal authority in his motion for the proposition that he is entitled

to discovery of information outside the period between the announcement of the job vacancy and the final selection decision.  As stated in Hardrick above, Plaintiff's discovery requests should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct.  See also Waters v. U.S. Capitol Police Bd., 216 F.R.D. 153, 164 (D.D.C. 2003) ("Plaintiff was a recruit when he was fired in 2001 after what I have to believe was a few months of training.  To demand information for years prior to his arrival does not make any sense.").  Plaintiff has not articulated why that time frame should exceed the selection period in this case.

Indeed, what Plaintiff seeks is the sort of fishing expedition against which Hardrick cautions.  Although Plaintiff has no basis for suspecting such evidence exists, he asserts the need for discovery outside the relevant time frame because there "could" be information.  See, e.g., Mot. to Compel Response to Interrogatory No. 17 (at 7-8) ("Evidence could or would show that the [post-selection] trip was highly unusually and goes to the nature of a personal relationship between the selectee and [one of the interviewing officials]").[4]  Plaintiff confronted both individuals about this trip and alleged personal relationship during depositions taken at the administrative level, and both denied any such relationship.  Thus, plaintiff has been provided all material for the relevant selection time period; he seeks to go beyond that period based upon mere speculation concerning what may or may not exist before or after the events in question.

The ALJ in this case properly refused to give weight to plaintiff's attempt to raise speculative comments and acts that took place well outside the relevant time frame.  The sole claim raised by

---

[4]  Of course, evidence that a selection was based on a personal friendship would not give rise to a cause of action under Title VII.

plaintiff before the EEOC was "[w]hether [Mr. Pederson] was discriminated against on the basis of his age (DOB: \*\*/\*\*/\*\*\*\*), when he was not selected for the position of Contract Examination Manager . . . ." <u>Pederson v. Barretto</u>, EEOC No. 100-2004-00571X at 3.  "[Mr. Pederson] was not ranked as one of the top three candidates by any of the interviewers."  <u>Id.</u> at ¶ 10.  Notwithstanding his challenge to a single selection decision, plaintiff asserted that an SBA official allegedly made a discriminatory comment at least three years before the vacancy announcement was even posted. The administrative law judge wrote, "[Mr. Pederson] offers no evidence to substantiate that the comment was actually made," and concluded that there was "no nexus" between the speculative, self-serving assertion and the non-selection decision. <u>Id.</u> at 9.

Plaintiff's discovery requests in this case seek information that is even more attenuated to the January 2003 selection decision than the comment rejected by the administrative law judge.  For example, Interrogatory No. 19 asked for the following information:

> Set forth in detail all circumstances under which Carol Carroll was transferred to, or retained in, the agency's investment Division in or about <u>September 1992</u>, including but not limited to, any intervention or facilitation of that transfer by government official not employed by the agency.  (Emphasis added.)

In Interrogatory No. 20, plaintiff asks defendant to:

> Identify any relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff, Andrew Card . . . .

These requests are part of a speculative fishing expedition and are oppressive and unduly burdensome. Carol Carroll did not apply for the vacancy announcement at issue, was not the selecting official, had no involvement in the hiring decision, and any agency action relating to her employment made ten years before the hiring decision at issue in this case is therefore irrelevant to any issue in this case. Furthermore, the interrogatory seeking information about Secretary Card is inexplicable since plaintiff can allege no nexus between any action by Secretary Card, either at the Department of Transportation or in the White House, relating to the SBA selection decision in this case.

## DISCUSSION

I.    **Defendant's Responses to Plaintiff's Request for Interrogatories and Document Production Complied with Rules 33 and 34**

Defendant's responses to plaintiff's first set of interrogatories complied with Fed. R. Civ. P. 33(d), which provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination , audit or inspection of such business records, including an abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be sufficient in detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Defendant properly responded to plaintiff's requests, pursuant to Rule 33(d), by directing him to the Report of Investigation ("ROI") and to documents otherwise produced by the SBA in the underlying

EEOC matter.[5]

Similarly, defendant's responses to plaintiff's first set of requests for production of documents complied with Fed. R. Civ. P. 34(b)(i), which provides:

> (i) a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

Defendant properly responded to plaintiff's requests, pursuant to Rule 34(b), by directing plaintiff to the Report of Investigation and to documents otherwise produced by the SBA in the underlying EEOC matter.[6]

---

[5] Defendant lodged the following six general objections and qualifications to plaintiff's first set of interrogatories:

1.  Defendant objects to Plaintiff's First Set of Interrogatories to the extent that any inquiry seeks information protected by the attorney-client privilege, or any other evidentiary privilege, or is conditionally protected under the work-product doctrine.

2.  Defendant objects to Plaintiff's First Set of Interrogatories to the extent that any inquiry seeks information not reasonably calculated to lead to the discovery of admissible evidence.

3.  Defendant objects to Plaintiff's First Set of Interrogatories to the extent that any inquiry seeks to have Defendant create documents that do not exist.

4.  Defendant objects to all discovery to the extent that it seeks information that is protected from disclosure pursuant to the deliberative process privilege, which protects agency deliberations leading to any final decision, policy or rulemaking.

5.  Defendant objects to all discovery that is unreasonably cumulative or duplicative, or is equally or already, available to Plaintiff.

6.  Defendant objects to any inquiry that seeks information which, if disclosed, would violate a statute or regulation.

[6] Defendant lodged the following general objections to plaintiff's first set of requests for production of documents:

11

Plaintiff also complains that defendant identified no additional documents in response to certain document production requests other than those previously provided to the plaintiff as part of the ROI or in response to plaintiff's discovery requests in the underlying EEOC proceeding (Pl. Mot. to Compel at 13). Plaintiff now requests that defendant be compelled to provide each document that defendant has previously provided, or, identify each such document individually. Defendant will provide plaintiff with an additional copy of the considerable documentation provided at the administrative level in response to his discovery requests in the EEOC proceeding under separate cover. Nonetheless, we do not understand why plaintiff did not communicate this specific

---

1. The information supplied in this response is that produced after a reasonable search of those areas likely to contain the information sought and is that currently available to Defendant's agents, representatives, employees, and/or its attorneys, unless privileged, and Defendant therefore reserves the right to supplement, clarify, revise or correct at any time any or all of the information contained in this response should additional or different information become available through discovery or otherwise.

2. In providing this response to the discovery request, Defendant does not in any manner admit or imply that he considers any of the responses hereto, or any documents produced pursuant to the discovery request, to be relevant or material to the subject matter of this action or to the claims or defenses of any party herein, or that such discovery request or documents are reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant does not waive and hereby reserves his right to assert any and all objections to the admissibility into evidence at the trial of this action, or in any other proceeding, of any response to the discovery request or any document produced or referred to in response to the discovery request, on any and all grounds, including, but not limited to, competency, relevance, materiality, and privilege. Defendant does not waive any objection that he might have to any other discovery request involving or relating to the subject matter of the discovery request.

4. Defendant reserves the right to object to the use of its response to the discovery request in any proceeding other than the above-captioned action.

5. Defendant will set forth in a separate letter any material produced in response to these discovery requests that are covered by the Court's Protective Order.

request to defendant prior to filing this premature motion to compel.

**A.    Defendant's Responses to Plaintiff's First Set of Interrogatories Complied with Rule 33**

Plaintiff challenges the responses to some, but not all, of his twenty-five interrogatories. Plaintiff fails to establish that defendant's responses to the challenged interrogatories fail to comply with Rule 33.

**Interrogatory No. 2:  Identify each and every document that is in your possession and is related, in whole or part, to the issues raised in this case and these interrogatories, excluding any documents contained in the Report of Investigation.**

> Response:  Defendant objects to this Interrogatory to the extent that it is vague, overly broad and requests information that is unduly burdensome to produce. Without waiving these objections, Defendant responds that it has identified no additional documents that appear to be responsive to this request.

Plaintiff's objection is that "evidence will show that Defendant possesses a substantial quantity" of such documents, but plaintiff provides no such evidence (Mot. to Compel at 4).  Hence, plaintiff moves to compel based on speculation, and his motion should be denied.

**Interrogatory No. 5:  Identify any scoring procedure used in the selection process for the subject position, including who performed such scoring and a description of such scores for each applicant for the position.**

> Response:   Defendant objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Defendant has previously provided the requested information to Plaintiff in the ROI.  Without waiving these objections, Defendant responds as follows:
>
> 1.    Peggy Manspeaker, a former Human Resource Specialist reviewed all of the applications for the subject position and determined that the applicants were qualified for the position. (See ROI Exhibit 17).

13

Plaintiff was provided responsive information in the ROI. Accordingly, the response complies with Rule 33(d) F.R.C.P. and is sufficient.

**Interrogatory No. 8:  Identify all promotions of employees from GS-13 to GS-14 or GM-14 within the agency's investment division by race, gender and age, for the period January 1, 2001, through July 31, 2005.**

> Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.  Specifically, this request improperly seeks information relating to employees in the Investment Division at SBA offices nationwide concerning the promotion of employees for significant periods before and after the selection of Ms. Gatell, the hiring decision at issue in this case.  Defendant also objects to the Interrogatory as overly broad and unduly burdensome to the extent that it requires Defendant to review personnel files of all current and former Investment Division employees (some of which would have to be retrieved from storage) in order to determine who was promoted to a GS-14 in the division since January 1, 2001.

Defendant objected to this request as overly broad and unduly burdensome since it requests information concerning promotion of employees by the SBA's investment division significantly before and after the selection of Ms. Gatell (and non-selection of plaintiff for the same position). Plaintiff made no effort to narrow this request to information relevant to his challenge to the issues in this case prior to filing this motion to compel.  Thus, defendant properly objected to the request. In any case, defendant provided information relating to promotions of the applicants for the challenged position (Vacancy Announcement No. 03H-106-JM) in the ROI (Ex. 17-26 thereto).

**Interrogatory No. 9:  Identify all discrimination complaints filed by any persons regarding any and all positions that the selectee has held in the agency, including any position beyond the GS-**

14

14 Examiner position, providing a listing of complainants, type of complaint, details, and disposition or current status for each complaint.

> Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.   Specifically, the request seeks information about discrimination complaints that may have been filed against unidentified selecting officials regarding any positions the selectee may have held at the SBA before or after the position challenged in this case.

Defendant objected to this request as overly broad and unduly burdensome since it requests information that is not relevant to this action, which relates to a single selection decision.  Plaintiff was provided with extensive information about the prohibited personnel practice complaint made by another applicant in connection with the same job announcement, and was provided extensive information at the administrative level.  As stated above, defendant will provide plaintiff with an additional copy of the documents produced in the EEOC proceeding.

**Interrogatory No. 10:  Identify the selectee's official position title for each and every position she has held at the agency immediately prior to her selection to the subject GS-14 Examiner position.**

> Response:   Defendant objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Defendant has previously provided the requested information to Plaintiff in the ROI.  Without waiving these objections, Defendant responds as follows:

> 1.     Financial Analyst, Office of SBIC Operations, August 1998 – October 1999.

> 2.     Program Analyst, Office of SBIC Operations, October 1999- Selection (See ROI, Exhibit 21).

Defendant concedes that its response contained a typographical error and should be corrected to read as follows:

1.  Financial Analyst, Office of SBIC Operations, August 1998 – October 1999.

2.  Program Analyst, Office of **SBDC** Operations, October 1999- Selection.

(Emphasis added to highlight correction).

**Interrogatory No. 13:  Set forth in detail reasons for the selectee's departure in or about October 1999 from her then employment in the agency's Investment Division, and knowledge of such by any person who participated in the selection process for the subject position.**

Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this request because it requests information that is not relevant to the issues raised in this action and therefore is not likely to lead to the discovery of relevant or admissible information.  Ms. Gatell left her employment in the SBA's Investment Division in October, 1999, more than three years prior to the announcement of the Examiner position on November 22, 2002 and well outside the relevant time period in this case.  Moreover, plaintiff's objection that "evidence could or would show that the selectee's departure was because of sub-performance issues" is speculative because  he deposed Ms. Gatell and Mr. Haskins, who conducted interviews of the applicants, at the administrative level and neither testified that there was a sub-performance issue.  Defendant has no  information that any person who participated in the selection process had knowledge to the contrary.

16

**Interrogatory No. 15:  Identify any difficulty the selectee had getting along with her supervisor during her prior employment of approximately August 1998 through October 1999 in the Investment Division that was known by any participant in the selection process for the subject position, and the results such knowledge had in the selection process.**

> Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this request on the basis of relevance because it requests information that is not relevant to the issues raised in this action and is not likely to lead to the discovery of relevant or admissible information.  Whether Ms. Gatell had "difficulty" getting along with her former supervisor during the period of August 1999 through October 1999, without more, is not relevant to her being selected for the Examiner position more than three years later.  Plaintiff now points to an exhibit to the ROI which includes a discussion of the various applicants for the Examiner position, including a reference in an email by Mr. Haskins (see response to Interrogatory No. 13 above) that Ms. Gatell offered that she had some personality difficulties with her supervisor in the prior short-term position (Mot. to Compel at 6-7).  The same exhibit discussed concerns about plaintiff's problems getting along with co-workers.  In any event, plaintiff was provided with information responsive to his request at the administrative level (where he also deposed the author of the referenced email), as reflected in his objection in his motion to compel.  Defendant is aware of no other responsive information.

**Interrogatory No. 16:  Identify any trips during the period December 1, 1999, through March 31, 2004, that any manager or supervisor visited, or at any time within that period such persons were present in, the Boston Examinations office, including in your response the name of the manager or supervisor, itinerary, and any other persons on the trip.**

17

Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this request as unduly burdensome because  it seeks information that is not relevant to this case and is unlikely to lead to the discovery of relevant or admissible evidence. This action concerns the selection of Ms. Gatell for the Examiner position in the SBA's Washington, D.C. office advertised in Job Announcement 03H-106-JM.   Whether any SBA manager or supervisor made any trips to the Boston Examination Office is not relevant to the matters presented in the complaint.   Further, if as he states, plaintiff was aware that no such trips were made, his request that defendant engage in an extensive search for information regarding such trips is unduly burdensome and improper.   Finally, plaintiff provides no legal support for his statement that the defendant "opened the door to the relevance of such information by its actions in the underlying EEOC case" (Mot. to Compel at 7).

**Interrogatory No. 17:  Set forth in detail the circumstances regarding any trip made together by Harry Haskins and the selectee to San Francisco, California, including in your response, reasons for the trip, other persons on trip, date and duration, and lodging arrangements for each person.**

Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this request as unduly burdensome because it is not relevant and not likely to lead to the discovery of relevant or admissible evidence.  This action concerns the selection of Ms. Gatell for the Examiner position under Job Announcement 03H-106-JM.  Ms. Gatell was

18

selected for that position on January 27, 2003. The selecting official for that position was Jeffrey Pierson. Plaintiff states that the trip in question occurred after Ms. Gatell was promoted to the position she currently holds, Director, SBIC Examinations. Ms. Gatell was promoted to this position in December, 2004. Mr. Haskins may have been the selecting official for the position Ms. Gatell currently holds, but he was not the selecting official for the Examiner position that is at issue in this matter. Any trip taken by Ms. Gatell and Mr. Haskins almost two years after she was selected for the challenged position is not relevant and is not likely to lead to the discovery of relevant or admissible evidence.

Indeed, plaintiff's discovery request is the sort of fishing expedition against which Hardrick cautions. 96 F.R.D. at 618-619. Although plaintiff has no basis for suspecting such evidence exists, he asserts the need for discovery outside the relevant time frame because there "could" be information. See, e.g., Mot. to Compel Response to Interrogatory No. 17 (at 7-8) ("Evidence could or would show that the [post-selection] trip was highly unusually and goes to the nature of a personal relationship between the selectee and [one of the interviewing officials]"). Plaintiff confronted both individuals about this trip and the alleged personal relationship during depositions taken at the administrative level, and both denied any such relationship. Thus, plaintiff has been provided all material for the relevant selection time period; he seeks to go beyond that period based upon mere speculation concerning what may or may not exist before or after the events in question.

**Interrogatory No. 18:  Identify any relationship between Harry Haskins and the selectee during their periods of employment at the agency, including characteristic and description of whether such relationship was professional or personal, and dates of such relationship and any changes in the relationship.**

> Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this interrogatory as unduly burdensome as it was not relevant and not likely to lead to any relevant or admissible evidence.  Mr. Haskins was not the selecting official for the Examiner position.  Perhaps, more importantly, Plaintiff's discovery request constitutes the sort of fishing expedition against which Hardrick cautions.  96 F.R.D. at 618-619.  Plaintiff mischaracterizes the deposition testimony of Ms. Gatell and Mr. Haskins and therefore provides no record citation to the alleged testimony in his motion to compel. See Mot. to Compel at 8.  Plaintiff confronted both individuals about this trip and the alleged personal relationship during depositions taken at the administrative level, and both denied any such relationship.  Thus, plaintiff has been provided all material for the relevant selection time period; he seeks to go beyond that period based upon mere speculation concerning what may or may not exist before or after the events in question.

**Interrogatory No. 19:  Set forth in detail all circumstances under which Carol Carroll was transferred to, or retained in, the agency's investment Division in or about September 1992, including, but not limited to, any intervention or facilitation of that transfer by government official not employed by the agency.**

> Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

20

Defendant objected to this request as unduly burdensome as it was not relevant and not likely to lead to any relevant or admissible evidence. Information regarding the transfer of Carol Carroll in or about September, 1992 is not relevant to this action, nor is it likely to lead to relevant or admissible evidence. The selection of Ms. Gatell for the Examiner position occurred on or about January 27, 2003, over ten years after the date plaintiff claims Ms. Carroll was transferred to SBA's Investment Division. Plaintiff claims that this information is relevant because it is his belief that he was not selected for the position of Examiner because he did not get along with Ms. Carroll. Whether Plaintiff was unable to get along with co-workers, including Ms. Carroll, may or may not have been a contributing factor to his non-selection for the Examiner position, but such evidence does not give rise to a claim of discrimination based on age or otherwise under Title VII. As discussed above, the documents relevant to the selection process were produced at the administrative level in the ROI and in response to plaintiff's discovery requests in the EEOC proceedings.

**Interrogatory No. 20:  Identify any relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff, Andrew Card, and any effects or actions such relationship had on the agency's employment of Carol Carroll at the agency and its Boston Examinations office, including any intervention or influence made by Andrew Card on the agency's employment of Carol Carroll.**

> Response: Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this request as unduly burdensome because it is not likely to lead to relevant or admissible evidence. Plaintiff has alleged "irregular personnel practices" relating to Carol Carroll in SBA's Boston Examinations Office and has further alleged these practices are related to Ms. Carroll's "relationship" with former Secretary of Treasury and White House Chief of Staff, Andrew Card. Plaintiff has failed to show how, even if any of these allegations are true, that information regarding these allegations is relevant to the selection of Ms. Gatell for the Examiner position.

**Interrogatory No. 21**:  **Set forth in detail the terms of Carol Carroll's employment with the agency, including change from part-time to full-time employment, and reasons for changes.**

> Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this request as unduly burdensome because it is not likely to lead to relevant or admissible evidence. The terms of Carol Carroll's employment in SBA's Boston Examinations Office are not relevant to the selection of Ms. Gatell to the Examiner position. Plaintiff has failed to explain how such information is relevant or how this information could lead to any relevant or admissible information regarding the selection of Ms. Gatell.

**Interrogatory No. 22**:  **Set forth in detail the reasons and circumstances regarding Charles Metzger (sic)'s termination from the agency's investment division and agency in or about 2003, including details of any actions or communications by agency management that would motivate or cause his departure.**

> Response:  Defendant objects to this Interrogatory because it is overly broad and it

22

requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.  Without waiving these objections, Defendant has no information responsive to the request regarding Metzger (sic)'s "termination."

Defendant responded that it had no information regarding the termination of Charles Mezger. Mr. Mezger retired from SBA on October 3, 2003.  Plaintiff was previously advised that Mr. Mezger retired in SBA's Opposition to Complainant's Motion to Compel and in the ROI (Exhibit 8 thereto) in the underlying EEO matter (EEOC No. 100-2004-00571X).  Despite having been advised that Mr. Mezger was not terminated, plaintiff continues to submit interrogatory requests regarding Mr. Mezger's termination.

**Interrogatory No. 23:  Set forth in detail the reasons and circumstances regarding selecting official Jeffery Pierson's termination from the agency in or about 2004.**

Response:  Defendant objects to this Interrogatory because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging one particular hiring decision.

Defendant objected to this request as unduly burdensome because it is not likely to lead to relevant or admissible evidence.  Mr. Pierson left the SBA in 2004, well after the selection of Ms. Gatell for the Examiner's position, and defendant is not aware that Mr. Pierson was terminated or left under adverse circumstances, as assumed in the interrogatory.  Accordingly, the reasons for Mr. Pierson's departure from the SBA are not relevant to the selection of Ms. Gatell for the Examiner position (or the non-selection of plaintiff for the same position).

**Interrogatory No. 24**:  Set forth in detail reasons and circumstances regarding Declarations of Harry Haskins made in the presence of David Gattis, Attorney Advisor and Ellen Zeitz, Supervisory Human Relations Specialist, dated March 19, 2003, and May 27, 2003, concerning a statement by the selecting official that the selection of Lourdes Gatell would help the numbers [Report of Investigation, Exhibit 24], and any follow up by the agency.

> Response:   Defendant objects to this Interrogatory to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Defendant has previously provided the requested information to Plaintiff in the ROI, and the document was raised and discussed in the deposition of Harry Haskins by Plaintiff on November 18, 2005.  Defendant further objects to the disclosure of this information on the basis of attorney-client privilege, attorney work product and the deliberative process privileges.  Mr. Haskins was not authorized by the agency to disclose his declarations from this investigation. Without waiving the foregoing objections, Defendant responds as follows:
>
> An applicant for the Examiner position submitted a statement of dispute pursuant to SBA SOP 37-71-2, alleging a prohibited personnel practice during the hiring process.  Mr. Haskins' Declarations, dated March 19, 2003 and May 27, 2003 were part of an internal investigation concerning that employee's allegation.

Defendant objected to this request as unduly burdensome since the specific information requested was previously provided to plaintiff in the ROI (Exhibit 24 thereto) and also on the basis of attorney work-product, attorney client privilege and the deliberative process privilege.  Without citing any legal authority, plaintiff asserts that the SBA's assertion of attorney-client privilege in connection with an investigation is improper and defendant should therefore turn over all attorney-client communications to him (see Mot. to Compel at 11-12).  Not only does this assertion go far beyond  the information requested in this interrogatory, plaintiff again fails to advise the Court of the extensive discovery provided at the administrative level.  Plaintiff was provided with the privileged document log he attached to his complaint in connection with the disclosure of extensive non-privileged information relating to the prohibited personnel practice complaint through discovery in the EEOC proceeding.  Accordingly, the only documents withheld based on an assertion of

24

privilege were clearly identified to the plaintiff and he does not specifically challenge any claims of privilege.  As stated, defendant will provide plaintiff with an additional set of all materials that the SBA records reflect were previously provided through discovery at the administrative level, which will include non-privileged information relating to the prohibited personnel practice complaint.

**Interrogatory No. 25**:  **Identify separately with respect to each numbered response to these interrogatories each and every individual, other than the defendant's attorney assigned in this case, who supplied information or otherwise participated or assisted in the preparation of your responses to the interrogatories, including his or her name, title, address, and phone number.**

> Response:  Defendant responds as follows:

> 1.   Harry Haskins, Deputy Associate Administrator, U.S. Small Business Administration, Investment Division, 409 3rd Street SW, 6th Floor, Washington, DA 20416, (202) 205-6694. Mr. Haskins supplied information that was used in preparing responses to interrogatories 1, 2, 3, 4, 6, 7, and 24.

> 2.   Lourdes Gatell, Director, Office of Examinations, U.S. Small Business Administration, 409 3rd Street SW, 6th Floor, Washington, DC 20416, (202) 205-7281.  Ms Goodwill supplied information used in preparing responses to interrogatories 1, 10, 11 and 14.

Defendant corrects the final sentence in paragraph 2 of the response to Interrogatory No. 25 to read as follows:

Ms. Gatell (and not Ms. Goodwill) supplied the information used in responding to interrogatories 1, 10, 11 and 14.

### B.   Defendant's Responses to Plaintiff's First Set of Requests for Documents Complied with Rule 34

Plaintiff challenges the responses to some, but not all, of his requests for production of documents. Plaintiff fails to establish that defendant's responses to the challenged requests fail to comply with Rule 34. Also, as stated, defendant will provide plaintiff with an additional set of documents provided in response to discovery requests in the EEOC proceedings.

**Request Number 3:** **Produce all documents that relate, pertain or refer to the selection of the Selectee for any position beyond the GS-14 Examiner to which she was hired or promoted subsequent to her selection for GS-14 Examiner position.**

> Response: Defendant objects to this request because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of relevant or admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003. The GS-501-14 Examiner position which is the subject of this matter was not a career ladder position (ROI Exhibit 15). GS-14 was the full performance level for this position. Therefore, documents regarding a subsequent selection are not relevant and not likely to lead to the discovery of relevant or admissible evidence.

Defendant objected to this request as overly broad and unduly burdensome as it requested documents that were not relevant and not likely to lead to relevant or admissible evidence. The request sought documents concerning the selection of Ms. Gatell for positions beyond the GS-14 Examiner position. The GS-501-14 Examiner position that is the subject of this matter was not a career ladder position. Therefore, any documents regarding a subsequent selection are not relevant and are not likely to lead to any relevant or admissible evidence. Plaintiff now claims that a selection to a GS-15 position is a "natural progression" from the selection to a GS-14 position. While there can be no question that a GS-14 position would normally be required prior to receiving a promotion to a GS-15 that progression is neither likely nor inevitable, and plaintiff has provided

no evidence that any further promotions received by Ms. Gatell is relevant to her selection for the

GS-14 Examiner position.


**Request Number 4:  Produce documents that list official position description of all of Selectee's position held during her employment at the agency, including SF-50 forms, including that for her prior position of SBDC Examiner.**

> Response:  Defendant objects to this request because it is overly broad and it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of relevant or admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.  Plaintiff has improperly requested the official position description for "all" positions the Selectee has held at the SBA.  As noted in the Response to Request No. 3 above, documents relating to the Selectee's current position are not relevant or likely to lead to the discovery of relevant or admissible evidence.  Defendant also objects to this request to the extent that it is unreasonably cumulative or duplicative, or requests information that is equally or already, available to Plaintiff.  Without waiving these objections, Defendant responds that it has identified the attached responsive documents in addition to the documents previously provided to Plaintiff in the ROI, and in response to Plaintiff's document requests in EEOC Case No. 100-2004-00571X.


Defendant objected to this request as overly broad and unduly burdensome as it requested

documents that were not relevant and not likely to lead to the discovery of relevant or admissible

evidence.  Plaintiff has requested documents for Ms. Gatell's selection to a GS-15 position in

December, 2004, almost two years after her selection to the GS-14 Examiner position in January

2003.  Plaintiff has failed to explain how any documents relating to the GS-15 position are relevant

to his non-selection to the GS-14 Examiner position.  Again, defendant will provide plaintiff with

an additional copy of the extensive documentation provided to him in the EEOC proceeding.

**Request Number 7:  Produce all documents that relate, pertain, or refer to complaints of discrimination against the defendant filed by any other complainant or plaintiff in regard to any and all positions in the agency's Investment Division to which Selectee was selected.**

> Response:  Defendant objects to this request because it is vague, overly broad, it requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003. Specifically, the request seeks information about discrimination complaints that may have been filed against unidentified selecting officials regarding any positions the selectee may have held at the SBA before or after the position challenged in this case.

Defendant objected to this request for documents as overly broad, not specific and not limited in time as plaintiff requested "all documents that relate, pertain or refer to discrimination complaints against the defendant filed by any other complainant or plaintiff in regard to any and all positions in the agency's Investment Division to which Selectee was selected."  As stated, plaintiff was provided with non-privileged documents relating to the prohibited personnel action complaint relating to the selection decision at issue.  Rather than so narrow this request or provide an explanation of how additional documents are relevant, plaintiff vaguely states that such documents "could or would relate to selection in the subject GS-14 position and selection in a GM-15 position involving officials who were also involved in the GS-14 selection process" (Mot. to Compel at 14).  Accordingly, plaintiff has been provided with all potentially relevant information in response to this request.

**Request Number 12: Produce all documents, not included in the Report of Investigation, that relate to Declarations of Harry Haskins of March 19, 2003, and May 23, 2003, concerning how Selectee's selection for the subject position helps the numbers [Report of Investigation, Exhibit 24], including documents related to any follow-up by the agency.**

Response: Defendant objects to this request as vague, ambiguous, and overly broad because it requests all documents that "relate" to the Declaration of Harry Haskins and Plaintiff has not defined what is meant by "follow-up by the agency." Defendant further objects to this request because it seeks documents subject to attorney-client privilege, attorney work product and the deliberative process privileges.

Defendant objected to this request as vague, ambiguous and overly broad because it requested all documents that "relate" to the Haskins declaration and because plaintiff failed to define what he meant by "follow up" by the agency. Plaintiff has made no attempt to narrow the scope of this request and has provided a longer but equally vague definition of "follow up" as "what is reasonably expected from a government agency committed to EEO principles when it is alerted of possible discrimination in the selection process." Without citing any legal authority, plaintiff asserts that the SBA's assertion of attorney-client privilege in connection with an investigation is improper and defendant should therefore turn over all attorney-client communications to him (see Mot. to Compel at 14-15).

As stated in response to Interrogatory No. 24 (see supra), plaintiff was provided with the privileged document log he attached to his complaint in connection with the disclosure of extensive non-privileged information relating to the prohibited personnel practice complaint through discovery in the EEOC proceeding. Accordingly, the only documents withheld based on an assertion of privilege were clearly identified to the plaintiff and he does not specifically challenge any claims of privilege. As stated, defendant will provide plaintiff with an additional set of all materials that the SBA records reflect were previously provided through discovery at the administrative level, which will include non-privileged information relating to the prohibited personnel practice complaint.

**Request Number 14**: **Produce all documents pertaining to a trip that Harry Haskins and Selectee made together to San Francisco, California, including agency approvals, expense reports, and supporting expense reports.**

> Response:  Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

Defendant objected to this request for documents as unduly burdensome as it requested the production of documents that are not relevant and not likely to lead to the discovery of relevant or admissible evidence.   This action concerns the selection of Ms. Gatell for the Examiner position under Job Announcement 03H-106-JM.  Ms. Gatell was selected for that position on January 27, 2003.  The selecting official for that position was Jeffrey Pierson.  Plaintiff states that the trip in question occurred after Ms. Gatell was promoted to the position she currently holds, Director, SBIC Examinations.  Ms. Gatell was promoted to this position in December, 2004.  Mr. Haskins may have been the selecting official for the position Ms. Gatell currently holds, but, he was not the selecting official for the Examiner position that is at question in this matter.  Any trip taken by Ms. Gatell and Mr. Haskins almost two years after she was selected for that position is not relevant and is not likely to lead to the discovery of relevant or admissible evidence.

As with Interrogatory No. 17 (see supra), Plaintiff's request is the sort of fishing expedition against which Hardrick cautions.  96 F.R.D. at 618-619.  Although Plaintiff has no basis for suspecting such evidence exists, he asserts the need for discovery outside the relevant time frame because there "could" be information. See, e.g., Mot. to Compel at 15 ("Evidence could or would show that the [post-selection] trip was highly unusually and goes to the nature of a personal relationship between the selectee and [one of the interviewing officials]").  Plaintiff confronted both

individuals about this trip and the alleged personal relationship during depositions taken at the administrative level, and both denied any such relationship.  Thus, plaintiff has had an adequate opportunity to probe this irrelevant allegation and, he has been provided all material for the relevant selection time period; he seeks to go beyond that period based upon mere speculation concerning what may or may not exist before or after the events in question.

**Request Number 15: Produce all documents pertaining to former agency employee Carol Carroll's transfer to agency's Investment Division on or about September 30, 1992, including, but not limited to, all correspondence sent by Carol Carroll to agency officials regarding her transfer or possible non-transfer to the Investment Division.**

> Response:  Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

Defendant objected to this request for documents as unduly burdensome because it requests documents that are not relevant and not likely to lead to the discovery of relevant or admissible evidence.  Documents regarding the transfer of Carol Carroll in or about September, 1992 are not relevant to this action, nor are they likely to lead to relevant or admissible evidence.  The selection of Ms. Gatell for the Examiner position occurred on or about January 27, 2003, over ten years after the date plaintiff claims Ms. Carroll was transferred to SBA's Investment Division.  Plaintiff claims that this information is relevant because it is his belief that he was not selected for the position of Examiner because he did not get along with Ms. Carroll.  Whether plaintiff was unable to get along with co-workers, including Ms. Carroll, may or may not have been a contributing factor to his non-selection for the Examiner position, but such evidence does not give rise to a claim of discrimination based on age or otherwise under Title VII.  Ms. Carroll's transfer to the Investment Division (and

any documents relating to that transfer ten years prior to the non-selection of the plaintiff) is not

relevant to any issue in this case.


**Request Number 16: Produce all documents under your control that pertain to correspondence or communication between Carol Carroll and former Secretary of Transportation and White House Chief of Staff Andrew Card, or between any other agency employee and Andrew Card, that discussed or pertained to the employment of Carol Carroll at the agency.**

> Response:  Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.


Defendant objected to this request for documents as unduly burdensome because it requests

documents that are not relevant and are not likely to lead to the discovery of relevant or admissible

evidence.   Plaintiff has provided no explanation as to how any documents pertaining to

"correspondence or communication between" Carol Carroll, an administrative employee in SBA's

Boston Examinations Office, and former Secretary of Transportation and White House Chief of

Staff, Andrew Card are relevant to this matter, which concerns the selection of Ms. Gatell to the GS-

14 Examiner position in SBA's Washington, D.C. office or, alternatively, the non-selection of

plaintiff for the same position.


**Request Number 17: Produce all documents under your control that pertain to correspondence or communication between agency management pertaining to correspondence or relationship between Carol Carroll and former Secretary of Transportation and White House Chief of Staff Andrew Card, which discussed or pertained to the employment of Carol Carroll at the agency.**

Response:  Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

Defendant objected to this request for documents as unduly burdensome because it requests documents that are not relevant and are not likely to lead to the discovery of relevant or admissible evidence.  Plaintiff has provided no explanation as to how any documents pertaining to "correspondence or communication between SBA management pertaining to correspondence or relationship between" Carol Carroll, an administrative employee in SBA's Boston Examinations Office, and former Secretary of Transportation and White House Chief of Staff, Andrew Card are relevant to this matter.  This matter concerns the selection of Ms. Gatell to the GS-14 Examiner position in the SBA's Washington, D.C. office  or, alternatively, the non-selection of the plaintiff for the same position.

**Request Number 18: Produce all documents pertaining to any change in employment status for former agency employee Carol Carroll occurring subsequent to January 1, 2001, including any change in hours of duty such as from part-time to full-time status.**

Response:  Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.

Defendant objected to this request as unduly burdensome because it requests documents that are not relevant and not likely to lead to the discovery of relevant or admissible evidence.  As in the above objections in Requests Nos. 15, 16 and 17, Plaintiff has provided no reasonable explanation as to how any document relating to any change in the employment status of Carol Carroll in the

Boston Examinations Office is relevant to the selection decision at issue in this case.


**Request Number 19: Produce agency's code of conduct and ethics policy for employees in effect during the period January 1, 2000 through April 3, 2004.**

> Response:  Defendant objects to this request because it is vague, overly broad, and requests information that is unduly burdensome to produce, and is not reasonably calculated to lead to the discovery of admissible evidence in this non-selection case challenging a particular hiring decision made on or about January 27, 2003.  Without waiving these objection, Defendant has identified the attached documents as responsive to this request.


In an attempt to comply with plaintiff's request in No. 19, defendant provided plaintiff with the SBA's Standards of Conduct and Employee Restrictions and Responsibilities.  Plaintiff has responded that defendant needs to provide the agency's "internal code of conduct and ethics policy, provided, internally to, and known by, its employees."  Defendant is not aware of such a document and therefore cannot produce it.

**WHEREFORE**, defendant requests that the Court deny plaintiff's motion to compel in its entirety.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid, and by electronic mail, to:

ROGER O. PEDERSON (<u>pro se</u>)
689 Lafayette Road, #B5-A12
Sea brook, NH 03874

on this 19th day of March, 2008.

_____/s/_____
JOHN G. INTERRANTE
Assistant United States Attorney