**<u>EXHIBIT A</u>**

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON FIELD OFFICE
#### 1801 L Street, N.W., Suite 100
#### Washington, D.C. 20507

| | |
|---|---|
| Roger Pederson, ) | |
| ) | |
| Complainant, ) | EEOC No. 100-2004-00571X |
| ) | |
| v. ) | Agency No. 05-03-022 |
| ) | |
| Hector Barreto, Administrator, ) | |
| U.S. Small Business Administration, ) | **Date: February 28, 2006** |
| ) | |
| Agency. ) | |
| ) | |

### ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated February 28, 2006, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached. This office is also enclosing a copy of the hearing record for the Agency.

This office will hold the report of investigation and the complaint file for sixty days, during which time the Agency may arrange for their retrieval. If we do not hear from the Agency within sixty days, we will destroy our copy of these materials.

It is so ORDERED.

For the Commission:

Frances del Toro
Administrative Judge

Enclosures

2006 MAR - 7 A 8: 41 OFFICE OF EEO&CRC RECEIVED

Enclosure (1)

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing documents within five (5) calendar days after the date they were sent *via* first class mail. I certify that on February 28, 2006, the foregoing documents were sent *via* first class mail to the following:

Roger Pederson
150 Dodge Street
North Beverly, MA 01915

David Gattis
Attorney Advisor
Small Business Administration
Office of General Counsel
409 Third Street, SW, 5th Floor
Washington, DC 20416

Sandra L. Winston
Acting Director
Equal Employment Opportunity and Civil Rights Compliance
Small Business Administration
409 Third Street, SW
Washington, DC 20416

Frances del Toro
Administrative Judge

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

| | |
|---|---|
| Roger Pederson, )<br><br>Complainant, )<br><br>v. )<br><br>Hector Barreto, Administrator, )<br>U.S. Small Business Administration, )<br><br>Agency. ) | EEOC No. 100-2004-00571X<br><br>Agency No. 05-03-022<br><br>**Date: February 28, 2006** |

## DECISION

This Decision is being issued without a hearing, pursuant to 29 C.F.R. § 1614.109(g)(3) (2005). On November 29, 2005, the Agency filed a Motion for a Decision Without a Hearing. Complainant filed an opposition on December 14, 2006. Subsequently, the Agency filed a Reply to Complainant's Opposition December 19, 2005. The record before me consists of the Investigative Report (IR) and the parties' submissions.

## CLAIM

Whether Complainant was discriminated against on the basis of his age (DOB: 3/19/50), when he was not selected for the position of Contract Examination Manager, GS-14, under Vacancy Announcement No. 03H-106-JM.

## FINDINGS AND ANALYSIS

### A.    THE GOVERNING LAW FOR SUMMARY JUDGMENT

The EEOC's regulations on Summary Judgment are patterned after Rule 56 of the Federal

Page 3 of 12

Rules of Civil Procedure, which provides that a moving party is entitled to Summary Judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

**B.    UNDISPUTED FACTS**

1. At the time relevant to this complaint, Complainant was employed by the Agency as an Examiner, GS-13, in the Office of SBIC Examinations, Investment Division (ID), which is part of the Agency's ADA/Office of Capital Access.

2. On or about November 22, 2002, the Agency issued Job Announcement No. 03H-106-JM, for the position of Manager for Contract Examinations, Examiner, GS-14, located in the Office of SBIC Examinations.

3. In December 2002, Complainant applied for the position of Examiner, GS-14, under Vacancy Announcement No. 03H-106-JM.

4. Complainant was 52 years old when he applied for the position.

5. Complainant was interviewed for the position along with five other applicants. All applicants were asked the same questions.

6. The interviewing officials were Harry Haskins (DOB: 11/27/51), Deputy Associate Administrator for Investment, and Charles Mezger (DOB: unknown, age 57), Director of SBIC Examinations.

7. Following the interviews, Mezger and Haskins ranked the applicants separately.

8. Haskins ranked Mike Donadieu (DOB: 3/19/50) and Mark Mead (DOB: 12/15/47) as his first choice and Lourdes Gatell (DOB: 5/18/64) as second. Haskins ranked Complainant third.

9. Mezger ranked Mike Donadieu first, Gatell second and Mead third.

10. Complainant was not ranked as one of the top three candidates by any of the interviewers.

11. The selecting official for the position was Jeffrey Pierson (DOB: 2/27/59), Associate Administrator for Investment.

12. Pierson selected Gatell for the position on January 27, 2003.

13. Complainant learned that he was not selected for the position in February 2003.

## C. CONCLUSIONS OF LAW

To establish a *prima facie* case of disparate treatment in a non-selection case, a Complainant may show: (1) that he/she is a member of a group protected from discrimination; (2) that he/she applied for and was qualified for the position at issue; and (3) that he/she was rejected under circumstances which give rise to an inference of unlawful discrimination, *e.g.*, the Agency continued to seek applicants or filled the positions with persons who were not members of Complainant's protected group. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n.13 (1973).

If a *prima facie* case is established, the burden shifts to the Agency to articulate a legitimate, non-discriminatory reason for the challenged action. *Burdine*, 450 U.S. at 253-54; *McDonnell Douglas*, 411 U.S. at 802. Complainant may then show that the explanation offered by the Agency was not the true reason, but a pretext for discrimination. *Burdine*, 450 U.S. at

256; *McDonnell Douglas*, 411 U.S. at 804. The ultimate burden of persuading the trier of fact that the Agency discriminated against the Complainant always remains with the Complainant. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 5ss06-07 (1993); *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).

Based on the record before me and looking at the evidence in the light most favorable to Complainant, I find that Complainant established a *prima facie* case of age discrimination with respect to his claim. At the time relevant to this complaint, Complainant was 52 years old. Complainant applied for the position in question, was not selected and an individual outside of his protected group was selected for the position. The selectee, Lourdes Gatell, was 37 years old at the time of her selection.

Next, I find that the Agency has articulated legitimate, nondiscriminatory reasons for the non-selection. Pierson attested that he selected Gatell as the superior candidate based on her wide range of experiences, including having worked in the SBIC Office of Operations, her experience as an Examiner in the SBDC Program, her knowledge of SBIC regulations and the recommendations made by the interviewers.

According to Mezger, Complainant was not recommended for the position to the selecting official because, unlike the other candidates, Complainant exhibited problems getting along with his co-workers and his immediate supervisor. Mezger explained that shortly after Complainant was transferred by the Agency to Boston, he began receiving complaints from Complainant's immediate supervisor, David Giovanelli, and his co-workers in Boston. Mezger attested that the candidate's ability to get along with people "was an extremely important factor for the position because the person selected would be the liaison between the SBA and the

independent contractors performing examination work." IR, Ex. 8.

In his recommendation to the selecting official, Haskins stated that Gatell was a strong candidate and that "[s]he also identified a potential structural issue that others did not raise." IR, Ex. 25. Haskins stated that he was able to identify one factor that put the selectee ahead of Complainant, which was the identification of the potential structural issue. *See id.* Haskins further indicated that he gave substantial weight to Mezger's comments with respect to Complainant failure to get along with his co-workers, based on Mezger's prior experience working with Complainant. Haskins also attested that because of said information, he only felt comfortable recommending Donadieu, Mead and Gatell for the position.

I also find that Complainant failed to show that the Agency's reasons for the non-selection were pretextual. In a non-selection case, pretext may be demonstrated where the Complainant's qualifications are shown to be plainly superior to those of the selectee. *See Bauer v. Bailar*, 647 F.2d 1037, 1048 (10th Cir. 1981). To do so, Complainant would have to show that his education and work experience were so plainly superior to the selected candidate "as to virtually jump off the page and slap us in the face." *Odom v. Frank*, 3 F.3d 839 (5th Cir. 1993). *See Dobson v. Dep't of Interior*, EEOC No. 01933095 (June 30, 1994). In addition, an employer has the discretion to choose among equally qualified candidates, so long as the decision is not premised on an unlawful factor. *Gleason v. Dep't of the Treasury*, EEOC No. 01900965 (April 26, 1990). Here, Complainant failed to show that his qualifications were plainly superior to those of the selectee. *See Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999) (holding that an unsuccessful job applicant's assertion that the selectee had less experience and education, without supporting factual evidence, was inadequate to defeat summary judgment.). Although

Complainant avers that he is better qualified because he has a CPA, MBA and law degree, there is no indication that a law degree or a CPA accreditation are required for the position. The record shows that the selectee worked as a Financial Analyst in the Office of SBIC Operations and had working knowledge of the relevant laws and regulations. Mezger indicated that he considered the selectee's experience in the Office of SBDC Operations as advantageous. Moreover, the selectee has degrees in financial management and international finance.

The record is also devoid of any indication that the selectee was preselected. Nevertheless, even if Complainant had been preselected, preselection of an applicant is not unlawful if it is not based upon a discriminatory motive. *Nickens v. National Aeronautics and Space Admin.*, EEOC Request No. 05950329 (February 23, 1996); *Goostree v. State of Tennessee*, 796 F.2d 854, 861 (6th Cir. 1986); *Kennedy v. Landon*, 598 F.2d 337, 341 (4th Cir. 1979). Here, Complainant simply failed to produce any evidence showing that the Agency acted against him with a discriminatory animus. *See Liberty Lobby*, 477 U.S. at 256; *Skelton v. ACTION*, 668 F.Supp. at 28-29 (it is insufficient, in opposing a motion for summary judgment, for the nonmoving party to rely upon mere allegations). What the record does show is that Complainant was not ranked as one of the top three candidates for the position by the interviewers who made recommendations to Pierson for the selection.

In order to show pretext, Complainant offers three isolated comments made on three separate occasions by three different managers. The first, comes four years prior to the posting of the vacancy announcement for the GS-14 Examiner position. According to Complainant, Mezger stated in a presentation on succession planning that 50% of the SBIC Examinations staff was 50 years or older and described the staff members as a challenge. Mezger attested that he

voiced his concern to upper management about the large number of experienced and skilled employees soon to be retiring and the lack of employees who possessed their training. Mezger further stated that he advocated for the Agency to hire more Examiners than needed to allow more time for the new employees to train before senior examiners began retiring. I find that there is no nexus between Mezger's comment and Gatell's selection. Nevertheless, even assuming this comment was indicative of age discrimination, it is at most an isolated comment that was made four years prior to the posting of the vacancy announcement. *See Meritor Sav. Bank v. Vinson*, 477 U.S. 57 (1986) (mere utterance of an ethnic or racial epithet which endangers offensive feelings in an employee does not affect the conditions of employment so much as to violate Title VII).

Complainant also proffers a second comment made in 1999 by Donald Christensen, the former Associate Administrator for the Investment Division, where in a meeting he stated that the Agency wanted to hire young Examiners. Complainant offers no evidence to substantiate that the comment was actually made. *See Greene*, 164 F.3d at 674; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995) ("Speculation does not create a genuine issue of fact instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."); *Jones v. Merchants Nat'l Bank and Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994) ("Self-serving assertions without factual support in the record will not defeat a motion for summary judgment."). In addition, I note that the alleged comment was made three years before the GS-14 Examiner position was advertised and that Christensen had no involvement in the selection in question. Therefore, I conclude that there is no nexus between the comment and the non-selection. *See Meritor*, 477 U.S. at 57.

As evidence of pretext, Complainant offers a third comment that was allegedly made by Pierson, when he stated that the selectee would help with their "numbers." The comment, however, is not indicative of age discrimination and is open to interpretation. In addition, even assuming that this comment was indicative of age discrimination, it is at most a stray comment. *See Meritor*, 477 U.S. at 57. Moreover, it was allegedly made after Haskins and Mezger had already recommended the their top three candidates to Pierson and Complainant was not included in the top three list.

Finally, I find that the Agency presented evidence to support Mezger's statements concerning Complainant's problems getting along with supervisor and co-workers. For example, David Giovanelli, Exams Manager, New York SBIC Examinations Office and Complainant's first-line supervisor, attested about several complaints he received from Complainant's co-workers. According to Giovanelli, Complainant's co-workers complained so much about his behavior that they were authorized to telecommute to avoid interacting with Complainant. *See* Agency Ex. 3.

## CONCLUSION

For the reasons set forth above, I find that Summary Judgment is appropriate and that Complainant failed to produce evidence that could prove that the Agency discriminated against him.

Frances del Toro
Administrative Judge

**NOTICE**

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109(g). **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has <u>not</u> issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Fax No. (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

**COMPLIANCE WITH AN AGENCY FINAL ACTION**

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. <u>See</u> 29 C.F.R. § 1614.504. If the complainant believes

## APPEAL RIGHTS

A Complainant who is dissatisfied with the Final Order of the Small Business Administration may file a notice of appeal with the Equal Employment Opportunity Commission's (EEOC) Office of Federal Operations, as provided by 29 CFR §1614.401 (2005).

A notice of appeal must be filed within thirty (30) calendar days after receipt of the Small Business Administration's Final Order. An appeal shall be deemed filed on the date it is postmarked or, in the absence of a postmark, on the date it is received by the Commission. If Complainant is represented by an attorney of record, then the thirty (30) day time period within which to appeal shall be calculated from the date of receipt of the Final Order by the attorney. If Complainant does not have an attorney of record, the time within which to appeal shall be calculated from the date of receipt of the Final Order.

Appeals must be filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036, or by personal delivery to 1801 L Street N.W., Washington, D.C. 20036, or facsimile at 202-663-7022. Complainants are advised to use EEOC Form 573, Notice of Appeal/Petition, and indicate what is being appealed. At the time that you file your appeal with the EEOC, a copy must be furnished to the Agency addressed to the Assistant Administrator for Equal Employment Opportunity and Civil Rights Compliance, U.S. Small Business Administration, 409 Third Street S.W., Suite 5100, Washington, D.C. 20416. You must certify the date and method by which service was made on the Agency in or attached to the appeal. If Complainant does not file an appeal within the time limits specified by this notice, the appeal shall be deemed untimely and shall be dismissed.

Any statement or brief in support of the appeal must be submitted to the Director, Office of Federal Operations, and to the Small Business Administration, at the above-mentioned addresses, within thirty (30) calendar days of filing the appeal.

Complainants may file a civil action in an appropriate United States District Court within the following time frames:

1.  Within ninety (90) calendar days of receipt of the final order if no appeal was filed;

2.  After one hundred and eighty (180) calendar days from the date of filing the complaint if an appeal has not been filed and a final action has not been issued by the agency;

3.  Within ninety (90) calendar days of receipt of the Commission's decision on an appeal; or

4.  After one hundred and eighty (180) calendar days from the date of filing an appeal with the Commission if there has been no final decision on the appeal by the Commission.

Enclosure (2)