UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER O. PEDERSON )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>STEVEN C. PRESTON )<br>Administrator, Small Business )<br>Administration, )<br>)<br>    Defendant. )<br>_____) | Civ. No. 06-1418 (RCL) |

### MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's Motion [24] to Compel Discovery. Upon consideration of plaintiff's motion, defendant's response [26] thereto, the applicable law, and the entire record herein, the Court finds that the motion will be GRANTED in part and DENIED in part. The motion will be GRANTED with respect to Interrogatories Nos. 8-9, 13, 15-18, and 23 and Requests for Production Nos. 3-4, 7, 12, 14 and 19. Defendant shall respond to these interrogatories fully and unambiguously and produce all requested documents. The motion will be DENIED with respect to Interrogatories Nos. 5, 10, 19-21, and 24-25 and Requests for Production Nos. 15–18. The motion will be GRANTED in part and DENIED in part with respect to Interrogatories Nos. 2 and 22. The Court's reasoning is set forth below.

### I. BACKGROUND

Plaintiff, Mr. Pederson, comes before this Court seeking an order to compel discovery from defendant, Mr. Preston, administrator of the Small Business Association (SBA). In the underlying case before the Court, plaintiff alleges violations of the Age Discrimination in

1

Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964 for age, race, and sex discrimination. In 2002, plaintiff, a four-year employee of SBA, applied for a GS-14 Examiner position and was refused the promotion. Plaintiff asserts that Selectee, a Hispanic female twelve years his junior, was a "less qualified but younger person" whose selection "was consistent with statements of [SBA's] intentions to hire young examiners." (Compl. ¶ 9.)

Plaintiff filed his Motion to Compel Discovery on February 27, 2008, seeking an order from this Court: (1) directing defendant to respond in full to plaintiff's Interrogatories Nos. 2, 5, 8, 9–10, 13, 15–25; and (2) directing defendant to produce all documents as requested including, but not limited to, plaintiff's Requests for Production of Documents Nos. 3–4, 7, 12, 14–19.

## II. DISCUSSION

### A. Legal Standard

Trial courts have considerable discretion when handling discovery matters. *Food Lion Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. Internal Revenue Serv.*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)). The scope of discovery in civil actions is broad, allowing for discovery regarding any nonprivileged matter that is relevant to a claim or defense. *See* FED. R. CIV. P. 26(b)(1). The term "relevance" at the discovery stage is broadly construed to include information which is not admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See id*. All discovery is subject, however, to the limitations imposed by Rule 26(b)(2)(c). *See id*. Furthermore, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" are not within the scope of discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (internal citation omitted).

Rule 37 of the Federal Rules of Civil Procedure provides that a "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1).

### B.    Defendant's General Objections to Plaintiff's Motion to Compel

Prior to filing this motion to compel, plaintiff attempted to contact defendant on four (4) occasions between February 15, 2008 and February 21, 2008, twice by phone and twice by email. (Pl.'s Mot. to Compel at 4.)  Defendant asserts that, pursuant to Rule 37(a), plaintiff prematurely filed his motion by failing to identify specific objections to particular responses in any of his messages.  FED. R. CIV. P. 37(a)(1); (Def.'s Resp. to Pl.'s Mot. to Compel at 1.)  Defendant further asserts that his counsel was away from the office on medical leave through February 19, 2008 and had two pressing deadlines within a week of his return; as such, defendant argues that plaintiff's filing five (5) business days after leaving his first telephone message did not provide defendant with reasonable or adequate time to respond.  *Id.* at 3–4.  The Court overrules defendant's objection of insufficient notice.  Plaintiff's messages clearly sought to initiate a discussion rather than demand an immediate formal reply.  (*See* Email from Pederson to Interrante (Feb. 21, 2008), Ex. C to Pl.'s Mot. to Compel at 1.)  The Court is satisfied that plaintiff, in allowing five (5) business to pass before filing a motion to compel, provided defendant with sufficient notice and ample time to respond to plaintiff either by phone or email.

Defendant then attacks plaintiff's suggestion that defendant did not make a good faith effort to fully respond to discovery requests.  (Def.'s Resp. at 4.)  Plaintiff bases this accusation on the inconsistency between defendant's multiple time extensions and subsequent responses, most of which plaintiff deems "non-responsive or inadequate."  (Pl.'s Mot. to. Compel at 3.)

Plaintiff further points to defendant's request that plaintiff sign a Protective Order despite producing no documents that require this shield. (*Id.*) The Court is not satisfied that either of these claims support an allegation of bad faith against defendant. Without some further evidence in support of this claim, defendant shall be afforded a presumption of good faith.

### C.    Sufficiency of Defendant's Responses to Plaintiff's Interrogatories

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve on any other party interrogatories related to any matter that may be inquired into under Rule 26(b). FED. R. CIV. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. *See* FED. R. CIV. P. 33(b)(3). Plaintiff claims that defendant's responses to Interrogatory Nos. 2, 5, 8, 9–10, 13, and 15–25 are particularly deficient and asks this Court, pursuant to Rule 37, to require defendant to provide full and complete responses.

#### 1.    Interrogatory No. 2

Plaintiff's Interrogatory No. 2 asks defendant to "[i]dentify each and every document that is in [defendant's] possession and is related, in whole or part, to the issues raised in this case and these interrogatories, excluding any documents contained in the Report of Investigation." (Pl.'s Mot. to Compel at 4.) Defendant objects on the basis that Interrogatory No. 2 is vague, overly broad, and unduly burdensome. (Def.'s Resp. at 13.) Upon reviewing Interrogatory No. 2, this Court is satisfied that the request is reasonably calculated to lead to the discovery of admissible evidence on the issue of plaintiff's non-selection.

"Once relevance has been established, the burden is on the party objecting to the interrogatories to show that the information sought is not readily available to it." *Alexander v.*

*F.B.I.*, 192 F.R.D. 50, 53 (D.D.C. 2000) (internal citation omitted).  "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how the interrogatory is burdensome." *Id*. (internal citations omitted).  If defendant does not have any additional responsive documents, the inquiry seeks to have defendant create documents that do not exist or are not readily available.  As such, plaintiff's motion to compel defendant's response to Interrogatory No. 2 will be GRANTED to the extent that defendant has within its possession, custody, or control any relevant documents relating to the issues raised in this case and/or this interrogatory and DENIED with respect to plaintiff's request that defendant be required to submit additional documents responsive to Interrogatory No. 2 that are not currently in defendant's possession, custody, or control.

### 2. Defendant's General Objection that Interrogatories are Unreasonably Cumulative and Equally or Already Available to Plaintiff (Interrogatories Nos. 5, 10, and 24)

Plaintiff's Interrogatory No. 5 asks defendant to "[i]dentify any scoring procedure used in the selection process for the subject position, including who performed such scoring and a description of such scores for each applicant for the position."  (Pl.'s Mot. to Compel at 4.)  Interrogatory No. 10 asks defendant to "[i]dentify the selectee's official position title for each and every position she has held at the agency, including the position she held at the agency prior to her selection to the subject GS-14 Examiner position."  (*Id*. at 5.)  Interrogatory No. 24 asks defendant to "[s]et forth in detail reasons and circumstances regarding Declarations of Harry Haskins . . . and identify any follow-up by the agency."  (*Id*. at 11.)  Because defendant previously provided the requested information to plaintiff in the ROI, defendant objects to all

three interrogatories on the basis that they are unreasonably cumulative or duplicative and request information that is equally or already available to plaintiff. (Def.'s Resp. at 13.) Defendant argues that by specifying the ROI records to be reviewed, his responses to Interrogatories Nos. 5, 10, and 24 complied with Rule 33(d) and are therefore sufficient. (*Id*); *See* FED. R. CIV. P. 33(d)(1). The Court agrees.

With regard to Interrogatory No. 24, defendant further objects on the basis of attorney-client privilege, asserting that plaintiff was previously provided with defendant's privileged document log. (Def.'s Resp. at 24–25.) Plaintiff argues that defendant's assertion of attorney-client privilege is improper, expressing concern that defendant "may have injected its attorneys into the process through their interviews of certain employees, in part for the purpose of attempting to cover the actions under an umbrella that defendant now claims is protected[.]" (Pl.'s Mot. to Compel at 12.) Defendant asserts that "the only documents withheld based on an assertion of privilege were clearly identified to plaintiff," and that plaintiff neither specifically challenges any claim of privilege nor cites any legal authority or evidence in support of his bad faith allegation. (Def.'s Resp. at 24-25.) Without some evidence of bad faith, defendant's objection shall be sustained. Accordingly, plaintiff's motions to compel defendant's responses to Interrogatories Nos. 5, 10, and 24 will be DENIED.

> **3.    Defendant's General Objection that Interrogatories are not Reasonably Calculated to Lead to Admissible Evidence (Interrogatories Nos. 8–9, 13, and 15–23)**

As stated previously, Rule 26(b)(1) is a very broad rule allowing discovery regarding any claim or defense, even allowing discovery of material which would be inadmissible at trial but, at

the time of discovery, appears reasonably calculated to lead to admissible evidence. *See* FED. R. CIV. P. 26(b)(1). However, Courts need not tolerate "'fishing expeditions,' discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests." *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983). Discovery should be tailored to the issues involved in a particular case.

### i.    Interrogatory No. 8

Plaintiff's Interrogatory No. 8 asks defendant to "[i]dentify all promotions of employees from GS-13 to GS-14 or GM-14 within the agency's Investment Division by race, gender, and age, for the period January 1, 2001, through July 31, 2005." (Pl.'s Mot. to Compel at 5.) Defendant objects on the basis that the request improperly seeks information concerning the promotion of employees for significant periods before and after the hiring decision at issue in this case and is therefore not reasonably calculated to lead to the discovery of admissible evidence. (Def.'s Resp. at 14.)

Plaintiff counters that this time period reflects the tenure of Jeffrey Pierson, the selecting official in this case, and may therefore illuminate patterns or practices by that selecting official in the hiring process. (Pl.'s Mot. to Compel at 5.) Defendant asserts that "plaintiff made no effort to narrow this request to information relevant to his challenge," and that defendant specified, in compliance with Rule 33(d), where plaintiff should look to review relevant, previously provided information. FED. R. CIV. P. 33(d)(1); (Def.'s Resp. at 14.) Still, the Court agrees with plaintiff that this request is reasonably calculated to lead to the discovery of admissible evidence. Even if Mr. Pierson did not act as the selecting official for all promotions during this time period, it is unreasonable to assume that the ultimate "decision-maker[s] acted in splendid isolation without

the possibility of being influenced by anyone else in the organization." *Waters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153, 158 (D.D.C. 2003). Establishing patterns and practices of discrimination within the company over the course of a selecting official's tenure is undoubtedly relevant to plaintiff's claim of ADEA and Title VII violations, and as such, plaintiff's motion to compel defendant's response to Interrogatory No. 8 shall be GRANTED.

### ii.     Interrogatory No. 9

Plaintiff's Interrogatory No. 9 asks defendant to "[i]dentify all discrimination complaints filed by any person regarding any and all positions that the selectee has held in the agency, including any position beyond the subject GS-14 Examiner position, providing a listing of complainants, type of complaint, details, and disposition or current status for each complaint." (Pl.'s Mot. to Compel at 5.) Defendant objects on the basis that "the request seeks information about discrimination complaints that may have been filed against unidentified selecting officials regarding any positions the selectee may have held at the SBA before or after the position challenged in this case." (Def.'s Resp. at 15.) However, the information sought by plaintiff could help establish patterns and practices of discrimination within the company, and the request is therefore relevant to plaintiff's claim of ADEA and Title VII violations. (Pl.'s Mot. to Compel at 5.) This Court is satisfied that Interrogatory No. 9 is reasonably calculated to lead to the discovery of admissible evidence, and as such, plaintiff's motion to compel defendant's response to Interrogatory No. 9 shall be GRANTED.

### iii. Interrogatories Nos. 13 and 15

Plaintiff's Interrogatory No. 13 asks defendant to "[s]et forth in detail reasons for the selectee's departure in or about October 1999 from her then employment in the agency's

Investment Division, and knowledge of such by any person who participated in the selection process for the subject position." (Pl.'s Mot. to Compel at 6.) Interrogatory No. 15 asks defendant to "[i]dentify any difficulty the selectee had in getting along with her supervisor during her prior employment of approximately August 1998 through October 1999 in the Investment Division that was known by any participant in the se[le]ction process for the subject position, and the results such knowledge had in the selection process." *Id.* Defendant objects to these requests because they seek information "well outside the relevant time period in this case" and are therefore unlikely to lead to the discovery of admissible evidence with regard to the single hiring decision at issue. (Def.'s Resp. at 16.) Plaintiff counters that the information sought is relevant to the subject selection as it could or would lead to evidence of Selectee's sub-performance history and inability to get along with co-workers. (Pl.'s Mot. to Compel at 6.) Plaintiff makes this assertion despite the depositions of both Ms. Gatell and Mr. Haskins, neither of which confirms the alleged sub-performance issues, and no information to the contrary. (Def.'s Resp. at 16.) However, the requests are narrowly tailored to exclude irrelevant information, and evidence of prior employment performance plays too central a role in any promotional decision to be denied on the basis of speculation. Also, evidence of Selectee's inability to get along with co-workers could negate defendant's assertion that Selectee was a superior candidate in this regard. (Pl.'s Mot. to Compel at 6.) Plaintiff's motions to compel defendant's responses to Interrogatories Nos. 13 and 15 shall therefore be GRANTED.

### v.     **Interrogatories Nos. 16–18**

Plaintiff's Interrogatories Nos. 16–18 inquire about an alleged personal relationship between Selectee and Harry Haskins, an SBA supervisor who conducted interviews for the GS-14

selection and was the selecting official for Selectee's subsequent promotion to a GS-15 position. (Pl.'s Mot. to Compel at 7-8; Compl. ¶ 7.) Plaintiff seeks to prove the existence of said relationship through evidence of a trip taken by Selectee and Mr. Haskins in 2005.

Plaintiff's Interrogatory No. 16 asks defendant to "[i]dentify any trips during the period December 1, 1999, through March 31, 2004, that any manager or supervisor visited . . . the Boston Examinations office." (Pl.'s Mot. to Compel at 7.) Plaintiff expects that defendant will identify no such trips, thus showing that these visits were unusual and that the relationship between Selectee and Mr. Haskins in 2005 went beyond an ordinary employee/supervisor association. Defendant objects to this request on many grounds. First, defendant objects that plaintiff's prompting defendant "to engage in an extensive search" with the knowledge that no such evidence exists is unduly burdensome. (Def.'s Resp. at 18.) The Court overrules this objection. Rule 26(b) plainly states that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Whether plaintiff seeks to prove his point by the existence of responsive evidence or by a lack thereof is inconsequential, so long as the information sought is relevant to his underlying claim.

Defendant then asserts that this request is not relevant and unlikely to lead to the discovery of admissible evidence. (Def.'s Resp. at 18.) Defendant argues that Mr. Haskins was not the selecting official for the subject position, and therefore any alleged personal relationship between Selectee and Mr. Haskins two years later has no conceivable bearing on this case. *Id.* The Court disagrees. Even though Mr. Haskins did not act as the selecting official in the subject selection process, it is unreasonable to assume that the ultimate "decision-maker acted in splendid isolation without the possibility of being influenced by anyone else in the organization,"

10

particularly by the party conducting interviews and making recommendations. *Waters v. U.S. Capitol Police Bd.*, 216 F.R.D. 153, 158 (D.D.C. 2003). As such, plaintiff's motion to compel defendant's response to Interrogatory No. 16 shall be GRANTED.

Plaintiff's Interrogatory No. 17 asks that defendant "[s]et forth in detail the circumstances regarding any trip made together by Harry Haskins and the selectee to San Francisco, California, including in [his] response, reasons for the trip, other persons on the trip, date and duration, and lodging arrangements for each person." (Pl.'s Mot. to Compel at 7.) Defendant objects that this request is unduly burdensome as it is not relevant and is unlikely to lead to the discovery of relevant or admissible evidence. (Def.'s Resp. at 18.) The subject selection occurred in January 2003, and the selecting official for that position was Jeffrey Pierson, not Mr. Haskins. (*Id.* at 18–19.) Mr. Haskins did, however, play a key role in the selection process by conducting candidate interviews. (Pl.'s Mot. to Compel at 8.) Plaintiff's depositions of Selectee and Mr. Haskins indicate that the trip occurred after Selectee's promotion to a GS-15 position two years later. (Def.'s Resp. at 19.) Defendant argues that Mr. Haskins' position as selecting official for Selectee's promotion to a GS-15 position in 2005 is irrelevant to the 2003 GS-14 selection. (*Id.*) He further asserts that allowing discovery about a relationship that may or may not have existed between co-workers two years after the subject selection would be improper. *Id*. at 18–19. The Court disagrees. Because Mr. Haskins played a key role in the selection for the subject position, this request is reasonably calculated to lead to the discovery of admissible evidence with regard to plaintiff's claim of sex discrimination. As such, plaintiff's motion to compel defendant's response to Interrogatory No. 17 shall be GRANTED.

Plaintiff's Interrogatory No. 18 asks defendant to "[i]dentify any relationship between

Harry Haskins and the selectee during their periods of employment at the agency, including characteristic and description of whether such relationship was professional or personal, and dates of such relationship and any changes in the relationship." (Pl.'s Mot. to Compel at 8.) Defendant objects that this request is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. (Def.'s Resp. at 20.) Defendant again bases his objections on the fact that Mr. Haskins did not act as the selecting official for the GS-14 position, and again, this Court is not persuaded. (*Id.*) Because Mr. Haskins played a key role in the subject selection process, this request is reasonably calculated to lead to the discovery of admissible evidence with regard to plaintiff's claim of sex discrimination. As such, plaintiff's motion to compel defendant's response to Interrogatory No. 18 shall be GRANTED.

### vi.     Interrogatories Nos. 19–21

Plaintiff's Interrogatories Nos. 19–21 relate to the transfer of Carol Carroll into SBA's Investment Division in 1992, ten years prior to the announcement of the subject GS-14 position opening. (Pl.'s Mot. to Compel at 9.) The interrogatories specifically target "irregular and impermissible employee conduct" by Ms. Carroll and involving former White House Chief of Staff, Andrew Card. (*Id.*) Plaintiff asserts that this information is relevant and necessary to rebut defendant's proffered legitimate reason for plaintiff's non-selection: that plaintiff has difficulty getting along with co-workers. (*Id.*) Plaintiff further states that it was his objection to this improper employee conduct that caused the friction between Ms. Carroll and plaintiff. (*Id.*) Defendant counters that "whether plaintiff was unable to get along with co-workers, including Ms. Carroll, may or may not have been a contributing factor to his non-selection for the Examiner position, but such evidence does not give rise to a claim of discrimination based on age or

otherwise under Title VII," nor does it negate defendant's legitimate proffered reason.  (Def.'s Resp. at 12.)  The Court agrees with defendant, and Rule 26(a) allows only the discovery of evidence that is "relevant to any party's claim or defense."  FED. R. CIV. P. 26(b)(1).  As such, plaintiff's motions to compel defendant's responses to Interrogatory Nos. 19–21 shall be DENIED.

### vii.     Interrogatory No. 22

Plaintiff's Interrogatory No. 22 asks defendant to "[s]et forth in detail reasons and circumstances regarding Charles Mezger's termination from the agency's Investment Division and agency in or about 2003, including details of any actions or communications by agency management that would motivate or cause his departure."  (Pl.'s Mot. to Compel at 10.)  Defendant objects on the basis that this request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  (Def.'s Resp. at 23.)  The Court disagrees.  Mr. Mezger played a key role in the selection process for the subject position and is identified as a person who defendant intends to call as a witness at trial.  (Pl.'s Mot. to Compel at 10.)  Therefore, any evidence that relates to Mr. Mezger's departure from the SBA fits squarely within the scope of permissible discovery as defined by Rule 26(a).  FED. R. CIV. P. 26(b)(1).

Defendant further responds that it has no responsive information beyond what was already provided to plaintiff in the ROI and which explains that Mr. Mezger was not "terminated," but rather that he retired.  (Def.'s Resp. at 23.)  "Once relevance has been established, the burden is on the party objecting to the interrogatories to show that the information sought is not readily available to it."  *Alexander v. F.B.I.*, 192 F.R.D. 50, 53 (D.D.C. 2000) (internal citation omitted).  "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how

the interrogatory is burdensome." *Id*. (internal citations omitted).  If defendant does not have any additional responsive documents, the inquiry seeks to have defendant create documents that do not exist or are not readily available.  As such, plaintiff's motion to compel defendant's response to Interrogatory No. 22 will be GRANTED to the extent that defendant has within its possession, custody, or control any relevant documents relating to Mr. Mezger's departure and DENIED with respect to plaintiff's request that defendant be required to submit additional documents responsive to Interrogatory No. 22 that are not currently in defendant's possession, custody, or control.

### viii.   Interrogatory No. 23

Plaintiff's Interrogatory No. 23 asks that defendant "[s]et for[th] in detail reasons and circumstances regarding selecting official Jeffrey Pierson's termination from the agency in or about 2004."  (Pl.'s Mot. to Compel at 23.)  Defendant objects on the basis that this request is unduly burdensome and unlikely to lead to relevant or admissible evidence since Mr. Pierson's departure from the agency occurred in 2004, well after the selection at issue in this case.  (Def.'s Resp. at 23.)  However, as an intended witness for defendant and the selecting official for the GS-14 selection in question, any information regarding Mr. Pierson's tenure at and eventual departure from the agency might be relevant to plaintiff's claim of discrimination.  As such, plaintiff's motion to compel defendant's response to Interrogatory No. 23 shall be GRANTED.

### 4.   Interrogatory No. 25

At the time plaintiff filed his motion to compel, he alleged an incorrect response to Interrogatory No. 25 by defendant.  (*See* Pl.'s Mot. to Compel at 12.)  In defendant's reply memorandum, defendant concedes and corrects the typographical error.  (*See* Def's. Resp. at 25.)  As such, plaintiff's motion to compel defendant's response to Interrogatory No. 25 shall be

DENIED as moot.

### D. Sufficiency of Defendant's Responses to Plaintiff's Production Requests

Rule 34 allows any party to serve on any other party a request to produce for the inspection of the requesting party, any designated documents or electronically stored information stored in any medium from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody, or control of the party upon whom the request was served. *See* FED. R. CIV. P. 34(a)(1)(A); FED. R. CIV. P. 26(b)(1). In light of these rules, the Court now addresses defendant's responses to plaintiff's requests for document production.

#### 1. Defendant's General Objections to Requests for Production Nos. 3–4, 7, 12, 14–19

Defendant generally objects to plaintiff's Requests for Production Nos. 3–4, 7, 12, and 14–19 on the basis that they are vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (Def.'s Resp. at 26–34.) Defendant objects that plaintiff's use of the term "all" and failure to narrow Requests for Production Nos. 3–4, 7, 12, 14–19 impose an undue burden by requiring that defendant produce irrelevant materials. (*See id.*) Defendant further asserts that its supplemental responses and documents previously produced in the ROI satisfy the production requests notwithstanding defendant's refusal to produce all responsive documents. (*Id.*)

As previously discussed with regard to Interrogatories Nos. 19–21, Rule 26(a) allows only the discovery of evidence that is "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Requests Nos. 3–4, 7, 12, 14 and 19 seek information regarding Selectee's prior employment and subsequent GS-15 promotion, discrimination claims filed against SBA, Mr.

Haskins' alleged statement about hiring strategy, and the trip to San Francisco taken by Mr. Haskins and Selectee. (Pl.'s Mot. to Compel at 13–14.) Requests Nos. 15–18 ask defendant to produce documents that relate to former agency employee, Carol Carroll, and her unusual employee conduct in 1992. (*Id.* at 15–16.) Having examined plaintiff's Requests for Production Nos. 3–4, 7, 12, and 14–19 in light of previous discussion, this Court is satisfied that Requests Nos. 3–4, 7, 12, 14 and 19 are relevant to the pending case and reasonably calculated to lead to the discovery of admissible evidence. This Court is not satisfied, however, that the documents sought in requests 15–18 regarding Carol Carroll's employee conduct ten years prior to the subject selection have any conceivable bearing on this case. As such, plaintiff's motion to compel defendant's production is GRANTED with regard to Requests Nos. 3–4, 7, 12, 14 and 19 and DENIED with regard to Requests Nos. 15–18. This Court shall order defendant to supplement its production of Requests Nos. 3–4, 7, 12, 14 and 19 with any and all remaining responsive documents that have not yet been produced.

### 2. Defendant's Specific Objections to Request for Production No. 12

Defendant further objects to plaintiff's Request for Production No. 12 on the basis that it seeks documents subject to attorney-client, attorney work product, and the deliberative process privileges. (Def.'s Resp. at 29.) Plaintiff argues that defendant's assertion of attorney-client privilege is improper, expressing concern that defendant "may have injected its attorneys into the process through their interviews of certain employees, in part for the purpose of attempting to cover the actions under an umbrella that defendant now claims is protected[.]" (Pl.'s Mot. to Compel at 12.) Defendant counters that plaintiff was provided with a privilege log that clearly identified each document to be withheld, and plaintiff does not specifically challenge any claim

of privilege. (Def.'s Resp. at 29.) Without some evidence of bad faith, defendant's objection shall be sustained.

## III. **CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Compel full Interrogatory responses and the production of documents responsive to plaintiff's Production Requests shall be GRANTED in part and DENIED in part.

SO ORDERED.


Signed by Chief Judge Royce C. Lamberth on June 11, 2008.